Ida MALONE, Plaintiff and Appellant,

v.

Virgil PARKER, M.D., Utah Valley Regional Medical Center, Gary Watts, M.D., Utah Valley Radiology Association, and Mark A. Fullmer, M.D., Defendants and Appellees.

No. 890505.

Supreme Court of Utah.

Jan. 23, 1992.

Gary H. Weight, Provo, for plaintiff.

Curtis J. Drake, Gary D. Stott, Michael A. Peterson, Joann E. Carnahan, Salt Lake City, for Utah Valley Regional Medical Center, Utah Valley Radiology, and Watts.

Philip R. Fishler, Salt Lake City, for Parker and Fullmer.

ZIMMERMAN, Justice:

Plaintiff Ida Malone brought a medical malpractice action against defendants.

She appeals from the trial court orders disposing of that action, which include a grant of a motion to dismiss in favor of defendants Utah Valley Regional Medical Center, Utah Valley Radiology Association, and Gary Watts, M.D., and a grant of a motion for summary judgment in favor of defendants Virgil Parker, M.D., and Mark A. Fullmer, M.D. The trial court based its decisions on a determination that Malone's action was not timely. We affirm.

Some background is in order. The Utah Health Care Malpractice Act ("Malpractice Act"), Utah Code Ann. §§ 78–14–1 to 78–14–16 (1987 & Supp.1991), provides a two-year statute of limitations for the filing of malpractice actions. *Id.* § 78–14–4(1) (1987). If a plaintiff fails to file a complaint within the time prescribed by the statute, the claim is barred. *Millett v. Clark Clinic Corp.*, 609 P.2d 934, 935 (Utah 1980).

The Malpractice Act requires a prospective plaintiff in a medical malpractice action to serve a notice of intent to commence an action on a prospective defendant at least ninety days before the plaintiff commences suit. Utah Code Ann. § 78–14–8 (1987). Within sixty days after service of the notice of intent, a prospective plaintiff must file a request with the Department of Business Regulation (now the Department of Commerce) ("the Department") for a hearing before a prelitigation panel. *Id.* § 78–14–12(2) (Supp.1991). The Department is then to appoint a panel to review the claim. *Id.* § 78–14–13(3) (Supp.1991).[1] Although the panel's review is informal and nonbinding, such a review is a compulsory condition precedent to initiating litigation. *Id.* § 78–14–12(1)(c) (Supp.1991).

In reviewing a grant of summary judgment, we consider the evidence in a light most favorable to the losing party and affirm only if there is no genuine dispute as to any material issue of fact or if, accepting the facts as contended for by the losing party, the moving party is entitled to judgment as a matter of law. *D & L Supply v. Saurini*, 775 P.2d 420, 421 (Utah 1989) (citing *Themy v. Seagull Enters., Inc.*, 595 P.2d 526, 528–29 (Utah 1979)); *Brower v. Brown*, 744 P.2d 1337, 1338 (Utah 1987). The grant of a motion to dismiss is reviewed in substantially the same manner. *See Colman v. Utah State Land Bd.*, 795 P.2d 622, 624 (Utah 1990). In reviewing the grant of a motion for summary judgment or a motion to dismiss, we accord the trial court's legal conclusions no deference, but review them for correctness. *Madsen v. Borthick*, 769 P.2d 245, 247 (Utah 1988). Based on the foregoing, we now turn to the instant case.

On or about November 6, 1985, Malone sought treatment at the Utah Valley Regional Medical Center for an infection in her toe. Dr. Gary Watts, a member of the Utah Valley Radiology Association, took X rays of the infected toe which allegedly revealed the presence of a foreign object. Neither defendants nor their staff informed Malone of the object or advised her that it could or should be removed. Instead, Malone was given antibiotics for the infection and released.

Approximately four days later, Malone was again admitted to the Medical Center. By this time, the infection had progressed to a point where the toe required amputation. Malone claims that the amputation resulted from defendants' malpractice.

---

1. At the time the facts underlying this complaint occurred, section 78–14–13(3) provided:

The Department of Business Regulations shall appoint a panel to consider the claim and set the matter for panel review immediately upon receipt of a request. A panel retains jurisdiction of any claim for 90 days from the date of filing the request. The jurisdiction of the panel may be extended and the proceeding may continue for 30-day periods upon written agreement of all parties and the members of the panel.

Utah Code Ann. § 78–14–13(3) (Supp.1985).

This section has since been amended twice, *see* 1986 Utah Laws ch. 170, § 3; 1989 Utah Laws ch. 225, § 96, and now provides, "The Department of Commerce shall appoint a panel to consider the claim and set the matter for panel review as soon as practicable after receipt of a request." Utah Code Ann. § 78–14–13(3) (Supp.1991).

On May 16, 1986, Malone served notice of intent to commence action against the Medical Center, the Radiology Association, and Drs. Watts and Fullmer, as required by section 78–14–8 of the Code. Also on May 16, Malone served a request for prelitigation panel review with the Department as required by section 78–14–12(2).

On August 12, 1986, the Department sent a letter to Malone's attorney informing him that the Department retained jurisdiction over the matter for only ninety days, but that jurisdiction could be extended for thirty days on request. The letter further stated that the Department would surrender jurisdiction over the matter unless it received a request for extension forthwith. Malone's counsel did not request an extension.

On November 18, 1986, Malone sent Dr. Parker a notice of intent. On June 15, 1987, she filed a second request for review by a prelitigation panel. In a letter dated July 22, 1987, the Department acknowledged receipt of the request, but noted that Malone had failed to provide a copy of a signed proof of service. The letter stated that if Malone did not submit proof of service, the Department would deny her request for prelitigation panel review. Malone's counsel never submitted proof of service.

On June 13, 1988, more than two and a half years after the claimed injury, Malone filed her first complaint against defendants in fourth district court. On defendants' motion, Judge Christensen dismissed Malone's complaint without prejudice for failure to complete the prelitigation hearing process. The court held that under section 78–14–12(1)(c), a prelitigation panel review of the action was a necessary precondition to the filing of a civil suit.

Malone filed a third request for prelitigation panel review on November 17, 1988. A panel hearing was held on January 4, 1989. Malone then filed a new complaint on February 3, 1989. Watts and the Medical Center moved to dismiss Malone's complaint with prejudice on the ground that it was barred by the Malpractice Act's statute of limitations. Based on the same ground, Fullmer moved for summary judgment. On November 16, 1989, Judge Harding granted both motions, notwithstanding Malone's argument that her prelitigation filings had tolled the statute of limitations. Judge Harding held that Judge Christensen's decision dismissing Malone's earlier complaint collaterally estopped her from arguing that the Malpractice Act required only that a litigant request prelitigation review, rather than completion of the prelitigation panel review process. Therefore, her requests for prelitigation panel review did not toll the statute of limitations, and her action was barred because it was untimely.

On appeal, Malone makes two arguments. First, she contends that both her first and second requests for prelitigation panel review tolled the statute of limitations. Second, she argues that Judge Christensen erred in ruling in the first action that completion of a prelitigation panel hearing was a condition precedent to the commencement of a malpractice action. We address Malone's arguments in order.

■ Malone's argument in support of the claim that her filings with the Department tolled the statute is two-pronged. With respect to her first request for a prelitigation panel review, she claims that the Department did not have discretion to surrender jurisdiction back to her. Therefore, the request should be treated as pending from May 16, 1986, until January 4, 1989, when her prelitigation review was finally completed. With respect to her second request for prelitigation panel review, she contends that the Department was powerless to reject her request based on her failure to provide a signed proof of service. Thus, it too should be viewed as pending until January 4, 1989, when the review was actually completed.

We find Malone's first contention unwarranted under the wording of section 78–14–13(3) as it read at the time of her first filing. On May 16, 1986, section 78–14–13(3) provided, "A panel retains jurisdiction of any claim for 90 days from the date of filing the request. The jurisdiction of the panel may be extended and the proceeding

may continue for 30–day periods upon written agreement of all parties and the members of the panel." Utah Code Ann. § 78–14–13(3) (Supp.1985). This wording indicates a procedure whereby the Department would surrender jurisdiction to plaintiff if she failed to pursue her claim. Implicit in this scheme was the requirement that plaintiff refile on a surrender of jurisdiction if the statute was to be tolled. When Malone received the Department's letter advising her that it intended to surrender jurisdiction to her if she did not file for an extension of the panel's jurisdiction forthwith, she failed to act promptly, and the Department appropriately surrendered jurisdiction.

We next address Malone's contention that her second request for review tolled the statute of limitations because the Department could not deny her request for failing to provide a signed proof of service. Malone argues that section 78–14–12(2), the provision establishing the requirement for a prelitigation panel review proceeding, requires only that the request for review contain a copy of the notice of intent to commence action, not a signed proof of service. *Id.* § 78–14–12(2) (Supp.1991).

■ This claim fails for two reasons. First, the Department's authority to request proof of service is implicit in the Malpractice Act. We note that section 78–14–12(2) requires the party commencing a malpractice action to file a request for review within sixty days after the "filing" of a "notice of intent to commence action under § 78–14–8." *Id.* Section 78–14–8, however, requires only "service" of a notice of intent, not "filing" of such a notice. *Id.* § 78–14–8 (1987). We therefore construe the reference to "filing" in section 78–14–12(2) to mean "service."

This reading is supported by the structure of the Malpractice Act. In addition to requiring a prospective plaintiff to serve a notice of intent on a prospective defendant, the Malpractice Act charges the Department with the administration of the prelitigation panel review procedures, *see id.* § 78–14–12, requires a prospective plaintiff to file a request for review with the De-

partment, *id.* § 78–14–12(2), and requires a prospective plaintiff to include a copy of the notice of intent with the request for review. *Id.* It is implicit in this arrangement that the Department may require proof that the necessary service has been completed. Certainly, the Department is acting within the contemplation of the statute when it requires a prospective plaintiff to provide proof of service before it processes the request for review.

There is a second justification for the Department's rejection of Malone's request for review. Section 78–14–12(2) requires a prospective plaintiff to file a request for review within sixty days *after* service of a notice of intent. *Id.* Malone served her most recent notice of intent in November of 1986. She filed her second request for review in June of 1987, eight months later. Malone failed to precede her second request for review with service of a timely notice of intent. Instead, she merely included a copy of the first notice of intent served on Utah Valley Radiology Association and Dr. Fullmer on May 16, 1986. This does not comply with the statute.

Since Malone's second filing was defective both as a result of her failure to provide the Department with proof of service and as a result of her failure to serve a notice of intent within the sixty days preceding the request for review, the second filing was ineffective to toll the statute of limitations.

■ Having disposed of Malone's claim that her actions were sufficient to satisfy the preconditions to filing suit, we next address her argument that the first trial court erred in concluding that a prelitigation hearing is a condition precedent to the initiation of an action against defendants. Malone argues that the provisions of the Malpractice Act should be construed to require only the *filing* of a request for review. However, as the trial court in the instant case correctly noted, Malone litigated and lost this issue in her first action. Since Malone failed to appeal the ruling in the first action, she is barred from relitigating the same issue in the instant action.

Collateral estoppel, or issue preclusion, prevents the relitigation of issues determined in a previous action. *Madsen,* 769 P.2d at 250. The party invoking this doctrine must demonstrate the following: (1) the issue involved in the subsequent action is identical to the issue decided in the previous action; (2) the issue was decided in a final judgment on the merits; (3) the issue was competently, fully, and fairly litigated in the first action; and (4) the party against whom the doctrine is invoked must be either a party to the first action or in privity with that party. *See, e.g., id.; Noble v. Noble,* 761 P.2d 1369, 1374 (Utah 1988); *Wilde v. Mid–Century Ins. Co.,* 635 P.2d 417, 419 (Utah 1981).

A review of Malone's claims here and before Judge Christensen demonstrates that these requirements are satisfied. Here, Malone contends that the language of section 78–14–13(3) in effect at the time of her first filing, which required jurisdiction to be returned to a prospective plaintiff ninety days after filing unless an extension is requested, should be construed to obviate the effect of the statement in section 78–14–12(1)(c) that completion of a prelitigation panel review is a compulsory condition precedent to the right to initiate an action. Malone reasons that if these two provisions were applied according to their plain language, they would allow the Department to deny a prospective plaintiff the right to initiate suit by repeatedly surrendering jurisdiction without deciding the issue until the statute of limitations had ultimately run. To avoid this absurd result, Malone argues, the mere filing of a request for review should be held sufficient to satisfy the preconditions of section 78–14–12(1)(c). Under such a reading of the statute, Malone's failure to complete the prelitigation panel review process did not preclude her from initiating a civil suit, either in the first action or in the present one.

The difficulty with Malone's argument is that it was presented to Judge Christensen and rejected in the first action, thus satisfying the first prerequisite for issue preclusion. Judge Christensen's order dismissing Malone's action provides in relevant part:

9. A pre-litigation hearing is compulsory and a condition precedent to commencing litigation (Section 78–14–12(1) UCA). The said prior deleted language of Section 78–14–13(3) UCA should not be held to be effective to obviate such requirement.

10. No pre-litigation hearing having been conducted as required by statute, the filing of plaintiff's complaint was premature and the same should be dismissed without prejudice as being procedurally defective.

(Citation omitted.)

The second requirement for issue preclusion, that the issue has been decided by a final judgment on the merits, is also satisfied here. Judge Christensen's determination was on the merits, and the determination became final when Malone did not appeal from it.

The third and fourth requirements are also satisfied. The issue raised by Malone was competently, fully, and fairly litigated in the first action. Malone does not contend otherwise. Finally, Malone was the party against whom issue preclusion was invoked, and Malone was the party against whom the issue was decided in the first case.

The two-year statute of limitations provided by the Malpractice Act has run. *See* Utah Code Ann. § 78–14–4(1). More than three years had passed since Malone's action first arose. With the possible exception of the three months during which the Department had jurisdiction over her first request for review, the running of the statute of limitations was not tolled. Malone's complaint in the instant case is therefore untimely. The dismissal of the action is affirmed.

HALL, C.J., HOWE, Associate C.J., and DURHAM, J., concur.

STEWART, J., concurs in the result.