**WEST ONE TRUST COMPANY, Personal Representative for the Estate of Merlin R. Morrison, Sr., Plaintiff and Appellant,**

v.

**Merlin R. MORRISON, Jr., and Edna R. Morrison, Defendants and Appellees.**

No. 920533–CA.

Court of Appeals of Utah.

Sept. 2, 1993.

Clark W. Sessions (Argued), Dean C. Andreasen, Michael T. Roberts, Campbell, Maack & Sessions, Salt Lake City, for appellant.

Jo Carol Nesset–Sale (Argued), Greggory J. Layton, Haley & Stolebarger, Salt Lake City, for appellees.

Before GARFF, GREENWOOD and ORME, JJ.

## OPINION

GREENWOOD, Judge:

West One Trust Company (West One), the personal representative for the estate of Merlin R. Morrison, Sr. (Sr.), appeals from a summary judgment in favor of Sr.'s son, Merlin R. Morrison, Jr. (Jr.) and Sr.'s widow, Edna Morrison (Edna). West One claims that Sr.'s estate is entitled to an interest in certain real property which belonged to a partnership consisting of Sr. and Jr. The trial court, however, granted summary judgment to Jr. and Edna on the basis that the property was not an asset of the purported partnership, but rather was held in joint tenancy with rights of survivorship. We reverse and remand.

## BACKGROUND

Because this is an appeal from a summary judgment, we recite the facts in a light most favorable to the losing party, West One. *Blue Cross and Blue Shield v. State,* 779 P.2d 634, 636 (Utah 1989).

Sr. died intestate on January 17, 1983. His survivors included his widow, four sons, two daughters, and three children of a deceased daughter. Between 1967 and 1978, Sr. and his son, Jr., purchased three pieces of real property. Each of the three properties was conveyed by warranty deed to Sr. and Jr. as "joint tenants with full rights of survivorship, and not as tenants in common." On the date of Sr.'s death, the record title on each of the properties remained unchanged. Sometime after Sr.'s death, Jr. conveyed the properties to himself and Edna as joint tenants.

On May 31, 1988, West One, personal representative of Sr.'s estate, filed suit against Jr. and Edna, requesting that the court order them to convey the three properties to Sr.'s estate. West One argued that the properties were actually owned by a partnership, consisting of Sr. and Jr. as equal partners, and therefore, upon dissolution of the partnership which necessarily occurred with Sr.'s death, Sr.'s estate and Jr. should each own an undivided one-half interest in the properties, rather than vesting entirely in Jr. as the surviving joint tenant.

During Jr.'s deposition, he estimated the value of the properties at issue as approximately $1,231,810. He also testified as to a history of business dealings between himself and his father. He alternatively described these transactions as partnership activities, and later as joint activities, particularly as regards the properties at issue. Jr. testified that he and Sr. filed tax returns as a partnership. Jr. testified that he and his father operated on the basis of an oral agreement, and that he, Jr., contributed capital and services to the joint enterprise. Jr. stated that after Sr.'s death, he and his mother, Edna, entered into a partnership on terms identical to those controlling the partnership with Sr. Jr. testified that this agreement resulted in a 50/50 ownership for him and Edna in the three properties. Jr. prepared a partnership agreement that he and Edna signed. This agreement included the following provisions:

a. Merlin R. Morrison, Sr., and Merlin R. Morrison, Jr., were the owners of the parcels of real property located in Davis and Salt Lake Counties, Utah described further on the attached schedule of Partnership Assets, incorporated herein by this reference (sometimes referred to collectively as "the properties").

b. Merlin R. Morrison, Sr., and Merlin R. Morrison, operated the properties as a co-equal Partnership since acquisition as reflected on partnership income tax returns filed annually on behalf of the Partnership since at least 1968.

c. Merlin R. Morrison, Sr. passed away on January 17, 1983.

d. Although record title to the properties at the death of Merlin R. Morrison, Sr., stood in the name of Merlin R. Morrison, Sr. and Merlin R. Morrison, Jr., as joint tenants, Merlin R. Morrison, Jr. acknowledges that such title holding was for convenience only, subject to the informal Partnership Agreement between the parties and not with any intent to pass title on death of either Partner. This anticipated that the Partnership interest of Merlin R. Morrison would pass to Edna R. Morrison, his wife.

e. In order to facilitate the management and preservation of the Properties, the parties desire to continue the Partnership arrangement and by this Agreement intend to formalize and refine the terms of the existing Partnership.

Jr. also executed deeds transferring the subject properties to himself and Edna as joint tenants. He testified that he did so to demonstrate to the estate's attorney that he and Edna had a partnership. He further stated he did not understand the legal meaning of the terms "tenants in common" or "joint tenancy."

Edna was also deposed and initially stated that Sr. did not intend that Jr. should become the sole owner of the subject properties upon his death, but wanted Edna to have the properties. In a subsequent deposition, however, Edna testified that Sr. intended that Jr. receive the properties.

On September 17, 1991, Jr. and Edna filed a motion for partial summary judgment, asserting that because the deeds specified joint tenancy ownership, the properties passed to Jr. by operation of law upon Sr.'s death. After a hearing, the court concluded that the three deeds were clear and unambiguous on their face and, therefore, that Sr. and Jr. had held title to the properties as joint tenants with full rights of survivorship. West One then withdrew all remaining claims and the court entered summary judgment in favor of the Morrisons.

## STANDARD OF REVIEW

■ On appeal from summary judgment, "we accord the trial court's legal conclusions no deference, but review them for correctness." *Malone v. Parker*, 826 P.2d 132, 133 (Utah 1992); *Winter v. Northwest Pipeline Corp.*, 820 P.2d 916, 918 (Utah 1991). The reviewing court considers the evidence in a light most favorable to the nonmoving party and will "affirm only if there is no genuine dispute as to any material issue of fact or if, accepting the facts as contended for by the losing party, the moving party is entitled to judgment as a matter of law." *Malone*, 826 P.2d at 133. *See also Warren v. Provo City Corp.*, 838 P.2d 1125, 1127 (Utah 1992); *Hill v. Seattle First Nat'l Bank*, 827 P.2d 241, 242 (Utah 1992). "A genuine issue of fact exists where, on the basis of the facts in the record, reasonable minds could differ." *Jackson v. Dabney*, 645 P.2d 613, 615 (Utah 1982).

## ANALYSIS

On appeal, West One contends that the trial court erred as a matter of law by precluding evidence that the parties intended the properties to be partnership property and in concluding that the deeds established title by joint tenancy. West One argues that the deeds do not demonstrate the parties' true intent. According to West One's theory, Sr. and Jr. intended that the properties be held as partnership assets and the joint tenancy designation on the deeds was a mistake. West One contends that parol evidence is admissible to demonstrate that a mutual mistake occurred in this case.

Jr. and Edna, however, argue that because the deeds are unambiguous on their face, the court may not look beyond the four corners of the documents. They also argue there is no material issue of fact as to the intended ownership of the properties. We agree with West One that the trial court should have considered extrinsic evidence relating to the theory of mutual mistake and that a genuine issue of material fact exists regarding a possible mutual

mistake in designating the ownership as joint tenancy rather than partnership.

 We, therefore, address whether the trial court erred in determining that parol evidence as to the parties' intent was inadmissible because the deeds were facially unambiguous. According to the parol evidence rule, when a writing is unambiguous, extrinsic evidence will ordinarily not be allowed to vary the terms of the writing. *See Sparrow v. Tayco Constr. Co.*, 846 P.2d 1323, 1327 (Utah App.), *cert. denied*, No. 930129, 857 P.2d 948 (Utah May 3, 1993). This rule "operates in the absence of fraud to exclude contemporaneous conversations, statements, or representations offered for the purpose of varying or adding to the terms of an *integrated* contract." *Union Bank v. Swenson*, 707 P.2d 663, 665 (Utah 1985). Exceptions to the parol evidence rule exist, however, when there is an issue as to whether the parties intended the writing as an integrated contract, and when "what appears to be a complete and binding integrated agreement ... may be voidable for fraud, duress, mistake or the like, or it may be illegal. Such invalidating causes need not and commonly do not appear on the face of the writing." *Id.* (quoting Restatement (Second) of Contracts § 214 cmt. C (1981)). Therefore, parol evidence may be admissible to show mutual mistake, occurring " 'when both parties, at the time of contracting, share a misconception about a basic assumption or vital fact upon which they based their bargain.' " *Warner v. Sirstins*, 838 P.2d 666, 669 (Utah App.1992) (quoting *Robert Langston Ltd. v. McQuarrie*, 741 P.2d 554, 557 (Utah App.) *cert. denied*, 765 P.2d 1277 (Utah 1987)).

 In addition, a mutual mistake theory may apply to instances where the parties misunderstood the legal effect of the words in a document and may result in reformation of a deed. "It is well settled that mistakes as to the legal effect of

words used in a contract or deed ... are subject to reformation by the courts." *Haslem v. Ottosen*, 689 P.2d 27, 30 (Utah 1984) (citing 3 A.L. Corbin, Corbin on Contracts § 619 (1960) and Restatement (Second) of Contracts § 155 (1979)). With respect to this case, a joint tenancy agreement may be subject to reformation on the basis of mutual mistake. *See Pagano v. Walker*, 539 P.2d 452, 454 (Utah 1975) (A joint tenancy is "subject to attack only on the same basis as any other written agreement or contract, by showing that because of fraud, duress, undue influence, mistake, incapacity, or other infirmity that in equity and good conscience it should not be enforced."). *See also Spader v. Newbold*, 511 P.2d 153, 154 (Utah 1973); *Beehive State Bank v. Rosquist*, 21 Utah 2d 17, 439 P.2d 468, 471 (1968). The presumption that an unambiguous written document is accurate and binding requires a party to provide clear and convincing evidence of mistake to invoke the equitable remedy of reformation. *Pagano*, 539 P.2d at 454; *Spader*, 511 P.2d at 154.

 Based on the foregoing, parol evidence is admissible to demonstrate that a mutual mistake resulted in a document which does not accurately reflect the intent of the parties. If the mutual mistake is established by clear and convincing evidence, a document may be reformed. Therefore, in this case the trial court should have considered extrinsic evidence that may have demonstrated that the parties intended the subject properties to be held as partnership assets, rather than as joint tenancies with rights of survivorship.[1] We further conclude, after examining the record before us, that there is an issue of material fact as to Jr. and Sr.'s intent regarding the properties' title.

Dispute as to Jr. and Sr.'s intent regarding the properties' title is evidenced by the fact that the deposition testimony of both Jr. and Edna was inconsistent and contra-

---

**1.** The mistake alleged in this case appears to be that of Sr. and Jr. While ordinarily the intent of a grantor on a deed would be most crucial, *Hartman v. Potter*, 596 P.2d 653, 656 (Utah 1979), West One does not allude to any mistake on the part of the grantors to the three pieces of real property. Rather, it appears that the grantee designations, which arose uniformly in the three entirely different transactions, were probably phrased at the direction of Sr. and/or Jr.

**1062**

dictory. Although at some points they disputed any intent to create partnership assets, they also testified consistent with West One's theory.[2] Jr. stated repeatedly that he and his father were partners and that they owned the properties 50/50. Jr. also testified that neither he nor his father knew the legal ramifications of the designations "partnership" property or "joint tenancy" property. In addition, Edna testified that Sr. wanted the properties to go to her upon his death, not to Jr., because Sr. thought Jr. could not manage money well. Furthermore, the partnership agreement which Jr. and Edna signed after Sr.'s death suggests that Jr. and Sr. intended to be partners rather than joint tenants. The agreement states that Jr. and Sr. were joint tenants for convenience only and that their true intent was to be partners.[3]

■ Evidence that Sr. and Jr. filed partnership tax returns also supports West One's theory that the deeds' recital of "joint tenancy" rather than a "partnership," represented a mutual mistake. When parties participate in an enterprise "for their mutual benefit or profit, that is generally held to be a partnership." *Cutler v. Bowen*, 543 P.2d 1349, 1351 (Utah 1975). Filing of partnership tax returns is a pertinent factor in determining the existence of a partnership.[4] *Id. See also Halstead v. Commissioner*, 296 F.2d 61, 62 (2d Cir.1961) ("Since the taxpayer represented

to the taxing authorities that the form of business he set up was an actual partnership, he may not now disclaim its validity.").

■ Clearly, material issues of fact as to the parties' intentions remain. A trier of fact could determine that Sr. and Jr. intended the properties to be held as partnership assets, and not as joint tenants. "A motion for summary judgment may not be granted if ... there is a factual issue as to what the parties intended." *Winegar v. Froerer Corp.*, 813 P.2d 104, 108 (Utah 1991).

## CONCLUSION

The trial court erred in granting summary judgment because the parties demonstrated a material issue of fact concerning the existence of mutual mistake, requiring admission of extrinsic evidence. We reverse the trial court's grant of summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.

GARFF and ORME, JJ., concur.

---

**2.** West One also argues that the subject properties are presumptively partnership assets pursuant to the following provision of the Utah General Partnership Act, Utah Code Ann. § 48–1–5 (1992), which states: "Unless the contrary intention appears, property acquired with partnership funds is partnership property." West One stated in its brief and at oral argument that the properties were undisputedly purchased with partnership funds and that fact augered strongly towards finding the properties should be properly held to be partnership assets. However, Jr. and Edna strongly disputed that statement, and we have found no indication in the record suggesting the use of partnership funds, such as a bank account in the name of a partnership, but

rather only evidence that Sr., for the most part, used his own funds to make the purchases.

**3.** Jr. and Edna, however, vehemently contend that their partnership agreement was merely an attempt to resolve their differences with a prior attorney for Sr.'s estate.

**4.** Although, "for federal income tax purposes, Federal Tax law is controlling ... and the legality or lack thereof, of a partnership under State law does not determine whether a partnership exists for federal tax purposes." *Evans v. Commissioner*, 447 F.2d 547, 550 (7th Cir.1971). *See also Commissioner v. Tower*, 327 U.S. 280, 287, 66 S.Ct. 532, 536, 90 L.Ed. 670 (1946); *Atlas v. United States*, 555 F.Supp. 110, 113 (N.D.Ill. 1982).