2001 UT 7

### Kyle Lamar KITTREDGE, Plaintiff and Appellant,

v.

### Robert E. SHADDY, M.D.; Edwin G. McGough, M.D.; Primary Children's Medical Center; L.D.S. Hospital; IHC Hospitals, Inc.; and Intermountain Health Care, Inc., Defendants and Appellees.

No. 981768.

Supreme Court of Utah.

Jan. 30, 2001.

Bruce M. Pritchett, Salt Lake City, for Kittredge.

David G. Williams, Brian P. Miller, Salt Lake City, for Robert E. Shaddy.

David W. Slagle, Salt Lake City, for Edwin G. McGough.

David L. Arrington, J. Mark Gibb, David B. Erickson, Salt Lake City, for Primary Children's Medical Center, L.D.S. Hospital, IHC Hospitals, Inc., and Intermountain Health Care, Inc.

HOWE, Chief Justice:

¶ 1 Plaintiff Kyle Lamar Kittredge brought this action for medical malpractice against defendants Robert E. Shaddy, M.D.; Edwin G. McGough, M.D.; Primary Children's Medical Center; L.D.S. Hospital; IHC Hospitals, Inc.; and Intermountain Health Care, Inc. The trial court entered summary judgment in favor of all defendants on the ground that plaintiff's action was barred by the running of the two-year statute of limitations prescribed by section 78–14–4(1) of the Utah Code. Plaintiff appeals.

¶ 2 Although there is some dispute as to the dates of certain critical events, we use those dates most favorable to plaintiff for the purposes of this opinion. On October 3, 1990, plaintiff discovered his claim for medical malpractice. On October 1, 1992, he served a notice of intent to commence malpractice action (notice of intent) on defendants as required by section 78–14–8. On January 20, 1993, he filed a request for prelitigation panel review with the Division of Occupational and Professional Licensing. On

August 6, 1993, the Division mailed to plaintiff an order dismissing his request for prelitigation panel review without prejudice on the ground that it was not filed with the Division within sixty days of the service of the notice of intent as required by statute. *See* Utah Code Ann. § 78–14–12(2)(a) (Supp. 1990).

¶ 3 One year later, on August 8, 1994, plaintiff served a second notice of intent on defendants and, on that same date, filed a second request for prelitigation panel review by the Division. On October 23, 1995, the Division served by mail its certificate of compliance with the prelitigation procedures required by statute. On December 11, 1995, plaintiff filed this action.

¶ 4 All six defendants moved for summary judgment on the ground that plaintiff's action was barred by the statute of limitations on malpractice actions prescribed by section 78–14–4. This section provides in relevant part:

(1) No malpractice action against a health care provider may be brought unless it is commenced within two years after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered the injury, whichever first occurs, but not to exceed four years after the date of the alleged act, omission, neglect or occurrence,.... [1]

Utah Code Ann. § 78–14–4(1) (1996). The trial court granted the motions for summary judgment.

¶ 5 Plaintiff appeals, contending that the two-year statute of limitations was tolled until he filed his action on December 11, 1995. He reasons as follows: He discovered his legal claim for malpractice on October 3, 1990. He served his first notice of intent on defendants on October 1, 1992, less than two years after the discovery of his legal injury. Because the notice was served less than ninety days prior to the expiration of the two-year limitations, the time for commencing his malpractice action was extended for 120 days. Within that 120 days, he filed his first request for prelitigation panel review on January 20, 1993. By making that request, the statute of limitations was again tolled under

section 78–14–12(3) until sixty days following the Division's issuance of an opinion by the prelitigation panel. This first request was eventually dismissed without prejudice on August 6, 1993, but he refiled it within one year on August 8, 1994, as allowed by "our savings statute," section 78–12–40, which provides:

If any action is commenced within due time and a judgment thereon for the plaintiff is reversed, or if the plaintiff fails in such action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the same shall have expired, the plaintiff ... may commence a new action within one year after the reversal or failure.

*Id.* § 78–12–40. He successfully completed this second prelitigation process on October 23, 1995, and filed his complaint within sixty days thereafter on December 11, 1995.

¶ 6 Plaintiff did not contend in the trial court that the statute of limitations was tolled by section 78–12–40. The trial court did not have an opportunity to rule on that issue. Under our rules of review, we would be justified in refusing to rule on the issue since it is raised for the first time on appeal. *See State v. Emmett,* 839 P.2d 781, 785 (Utah 1992). However, even if the savings statute applies to a request for prelitigation panel review, it avails plaintiff nothing because the two-year statute of limitations ran long before the prelitigation panel dismissed plaintiff's first request without prejudice on August 6, 1993.

¶ 7 Under section 78–14–8, plaintiff's time for filing a malpractice action was extended an additional 120 days from the date of the service of his first notice of intent or until January 29, 1993. However, he was not entitled to any further extension because he failed to comply with section 78–14–12(2)(a), which provides that the party initiating an action shall file a request for prelitigation panel review with the Division within sixty days after the filing of the notice of intent. When that is done, the statute of limitations is tolled until sixty days following the Divi-

---

1. The statute then lists two exceptions that are not applicable here.

sion's issuance of an opinion by the prelitigation panel. *See id.* § 78–14–12(3). However, plaintiff did not file a request for prelitigation panel review with the Division within the required sixty days, which expired on November 30, 1992. Instead, he filed his first request on January 20, 1993, 111 days after serving his first notice of intent. Because the request was not timely filed, the statute of limitations was not tolled beyond the 120 day extension, which expired on January 29, 1993. *See Malone v. Parker,* 826 P.2d 132 (Utah 1992) (holding that prospective plaintiff must file a request for review within sixty days after service of notice of intent in order to toll the statute of limitations). This action, filed December 11, 1995, was filed too late.

¶ 8 Judgment affirmed.

¶ 9 Associate Chief Justice RUSSON, Justice DURRANT, Justice WILKINS, and Judge JACKSON concur in Chief Justice HOWE's opinion.

¶ 10 Having disqualified herself, Justice DURHAM does not participate herein; Utah Court of Appeals Judge JACKSON sat.