451 P.2d 370

**STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Respondent,**

v.

**Jack C. JENSEN and Merea W. Jensen, his wife, and Intermountain Holding Company, Defendants and Appellants.**

No. 11387.

Supreme Court of Utah.

March 6, 1969.

Paul N. Cotro-Manes, Ephraim Fankhauser, Salt Lake City, for appellants.

George G. Bridwell, Sp. Asst. Atty. Gen., Tom G. Platis, Asst. Atty. Gen., Salt Lake City, for respondent.

TUCKETT, Justice.

This is a proceeding in eminent domain wherein the State of Utah is seeking to condemn the right of access held by the defendants to U. S. Highway 40 and Interstate 80. It was necessary that the State acquire the rights owned by the defendants in order to construct a limited access highway.

In 1955 the State of Utah by negotiation had acquired approximately five acres of land from the predecessor in title of the defendants, and as a part of that transaction the former owner surrendered its right of

access to the highway except for a 20-foot-wide right-of-way from the property in question to U. S. Highway 40. As a part of the transaction the State agreed to build an access road from the highway to the entrance to the property in question. The access road was not constructed.

In 1961 and thereafter the defendants succeeded in the ownership of the property in question. On May 18, 1964, the plaintiff commenced this action to acquire from the defendants the right of access above mentioned. After the commencement of these proceedings the defendants commenced an independent action against the State for breach of contract resulting from its failure to construct an approach road as agreed to by it. In the action for breach of contract the defendants recovered $6750 against the State.

The trial was had in the court below in the instant case during September 1967, where the only issue was the amount of severance damages by reason of the taking of the defendants' right of access to the highway. The trial was had to a jury which returned a verdict in favor of the defendants in the sum of $16,250. The plaintiff thereafter moved for a new trial and by separate motion requested the court to remit part of the verdict. After a hearing on the motions the court decided that the verdict was "excessive and not justified for want of sufficient evidence and appears to be given under the influence of passion and prejudice." The court further ordered that a new trial be granted unless the defendants consented to a reduction in the size of the verdict to the sum of $12,-001. Thereafter the defendants conditionally consented to a reduction in the verdict provided that the State pay the amount as reduced and forego any right it might have to appeal. The trial court concluded that the defendants by adding a condition to their consent for a reduction did not comply with the court's order and thereafter an order was made granting a new trial.

The second trial was had before a different jury which returned a verdict in favor of the defendants in the sum of $3,-000. The defendants have appealed to this court claiming that the trial court erred in granting a new trial after the first hearing; in ordering a remittitur of a part of the verdict returned by the jury at the first trial; and in failing to grant the defendants' motion for a new trial after the conclusion of the second trial.

We deal with the last claimed error first. At the conclusion of the second trial the defendants moved for a new trial upon the grounds that after the jury had returned its verdict, and while the members of the jury were being polled, one of the jurors answered that he did not concur in the verdict and that he was not given sufficient time to deliberate. The poll of the jury revealed that six jurors did con-

cur in the verdict returned to the court. Article I, Section 10 of the Utah Constitution provides that: in civil cases three-fourths of the jurors may find the verdict. Rule 47(q), Utah Rules of Civil Procedure contains a similar provision. We see no merit in the claim of the defendants that the court should have granted a new trial upon those grounds.

■■■ We now come to the problem of whether or not the trial court abused its discretion in granting a new trial after the conclusion of the first trial. As has been pointed out in numerous decisions of this court, the trial court has broad discretion in dealing with these matters. It would appear that the court's ruling in granting a new trial was based upon two grounds: (1) that the evidence was insufficient to support the verdict, and (2) that it appeared to the court that the jury was influenced by passion and prejudice which resulted in an excessive award to the defendants. The court below having made its determination after hearing all of the evidence presented at the first hearing, we are of the opinion that the court below was in a better position to determine whether the verdict should stand. After a review of the entire record we are of the opinion that appellants have failed to show that there

was an abuse of discretion by the trial court.[1] The record indicates that the defendants were willing to accept a reduction in the amount of the verdict, and had they done so without qualification it is unlikely that a new trial would have been granted.

We are of the opinion that the decision of the trial court should be affirmed, and it is so ordered. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

---

1. Lehi Irr. Co. v. Moyle, 4 Utah 327, 9 P. 867; Klinge v. Southern Pacific Co., 89 Utah 284, 57 P.2d 367, 105 A.L.R. 204; Beck v. Dutchman Coalition Mines Co., 2 Utah 2d 104, 269 P.2d 867; Wellman v. Noble, 12 Utah 2d 350, 366 P. 2d 701.