Argued and submitted July 31, 1985, reversed and remanded February 12, reconsideration denied April 4, petition for review denied June 24, 1986 (301 Or 241)

## WINN,
*Appellant,*

*v.*

## FRY,
*Respondent.*

(146,191; CA A33700)

714 P2d 269

J. Michael Alexander, Salem, argued the cause for

appellant. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Jim A. Wickwire, Salem, argued the cause for respondent. On the brief were Joe W. Much, and Spooner & Much, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff sought to recover for injuries which she suffered in a rear-end automobile accident. The jury found for defendant. Plaintiff assigns as error the trial court's refusal to rule that defendant was negligent as a matter of law and its failure to instruct the jury that plaintiff could recover damages, even though she had a preexisting injury. Because we conclude that the requested jury instructions should have been given, we reverse.

■     Regarding the first assignment of error, both this court and the Supreme Court have repeatedly held that, in all but unusual cases, negligence in automobile accidents is a question for the jury. *See Simmons v. York,* 252 Or 279, 449 P2d 645 (1969); *Blanchette v. Arrow Towing Co.,* 242 Or 590, 410 P2d 1010 (1966); *Miller v. Harder,* 240 Or 418, 402 P2d 84 (1965). In this case, there was conflicting evidence regarding weather, speed and distracting circumstances. The jury could have concluded that defendant was or was not negligent. This is not one of those rare instances where negligence can be decided as a matter of law. We hold that the trial judge did not err in submitting the negligence issue to the jury.

■     Turning to her second assignment, plaintiff would be entitled to an instruction that she could recover damages despite a preexisting infirmity if such an instruction was supported by the evidence.[1] Here, there was testimony by

---

[1] Plaintiff's assignment of error refers to the trial court's failure to give either or both of the following requested instructions:

(1) "If you find that plaintiff had a bodily condition that predisposed her to be more subject to injury than a person in normal health, nevertheless the defendant would be liable for any and all injuries and damage that may have been suffered by the plaintiff as the result of the negligence of the defendant, even though those injuries, due to the prior condition, may have been suffered by another person under the same circumstances."

(2) "In the present case the plaintiff has alleged that the injury which she sustained as the result of the negligence of the defendant aggravated a preexisting injury.

"In determining the amount of damages, if any, to be awarded the plaintiff in this case, you will allow her reasonable compensation for the consequences of any such aggravation that you find to have taken place as the result of defendant's negligence.

"The recovery should not include damages for the earlier injury, but only those that are due to its enhancement or aggravation."

medical experts and lay witnesses that would support a finding that plaintiff had a back condition that preexisted this accident and that the condition may have been made worse by the accident. That evidence was sufficient to require the giving of the requested instructions.[2] *See State ex rel Redden v. Discount Fabrics,* 289 Or 375, 388-90, 615 P2d 1034 (1980). Accordingly, we hold that the trial court erred.

■■    Defendant next argues that, nevertheless, reversal is not required because, in finding for defendant, the jury necessarily determined that defendant was not negligent. If that were the only conclusion which could be drawn from the defense verdict, defendant would be correct in arguing that failure to give the instructions was harmless. However, this case was submitted to the jury on a general verdict form in which the jury was simply asked to return a verdict for either plaintiff or defendant and to determine the amount of plaintiff's damages in the event that it found that plaintiff was entitled to such an award. The basic premise regarding damages is that a defendant "takes the plaintiff as he finds him," but is not responsible for injuries not resulting from his negligence. Here, the jury could have concluded that defendant was not negligent or that, although she was negligent in causing the accident, plaintiff sustained no new injury. In the absence of the requested instruction on aggravation, the jury could not know that the aggravation could be compensable.

---

[2] One doctor testified that the injury may have aggravated a disk problem and also that muscle strains often never return to their pre-injury status. Another doctor testified concerning the permanent effect of some soft tissue injuries. Against that backdrop, defendant stressed plaintiff's accident in 1975 and the fact that she had treated by various doctors into late 1980. Plaintiff and various lay witnesses established a lack of symptoms in the immediate pre-accident period and intensive difficulties thereafter. In the light of that evidence, the prior accidents would have clearly supported an aggravation instruction. Likewise, the evidence presents a question of a prior infirm condition. There was medical evidence that an underlying condition was "aggravated." The witness, a doctor, was using the medical, not the legal term, to show that there was a preexisting problem which was affected by the accident in question. The pre-injury status of plaintiff's symptoms may determine whether an "aggravation" issue or a "predisposition" issue is raised in a legal sense, but the medical evidence here supports either theory, despite the possible inconsistencies in the two legal positions. *See Jenks v. Lurimer,* 268 Or 37, 43, 518 P2d 1301 (1974). Also, as plaintiff points out in her brief, the evidence established that soft tissue injuries can be permanent, that plaintiff suffered such an injury in 1975 and that she suffered similar symptoms following this accident. It can logically be concluded that, if her current problems were not wholly caused by the current incident, they were probably the result of the direct impact of this injury, coupled with the residual effects of the prior condition.

The jury verdict could be explained on the ground that plaintiff sustained no compensable injuries in this accident; it was not the only conclusion that the jury could have reached. There were other possible bases for the verdict. We cannot say what the jury's basis was.

Reversed and remanded.