2006 UT App 475

**Louise MANN, Plaintiff and Appellant,**

v.

**Samuel P. FREDRICKSON; Riddle Services, Inc.; and Does 1 through 10, inclusive, Defendants and Appellees.**

**No. 20050955–CA.**

Court of Appeals of Utah.

Nov. 30, 2006.

William R. Rawlings, Draper, for Appellant.

Richard K. Glauser and Albert W. Gray, Midvale, for Appellees.

Before Judges GREENWOOD, ORME, and THORNE.

## OPINION

ORME, Judge:

¶ 1 Appellant Louise Mann claims that the trial court erred in denying her motion for a new trial based on both the insufficiency of the evidence and an erroneous jury instruction. We disagree and affirm.

## BACKGROUND

¶ 2 The parties were involved in an automobile accident, Mann's car being struck from behind by a furniture truck driven by defendant Samuel P. Fredrickson. As a result, Mann filed a negligence action against Fredrickson and his employer, Riddle Services, Inc.

¶ 3 After a five-day jury trial presided over by Judge Robert W. Adkins, the jury returned a verdict finding that Mann was 100% at fault and that Fredrickson was not negligent. Mann moved for judgment notwithstanding the verdict, arguing insufficiency of the evidence. Judge Adkins denied the motion and entered judgment in favor of Defendants. Mann then filed a motion for a new trial, again arguing there was insufficient

evidence to support the verdict and also alleging the jury was improperly instructed.

¶ 4 During the eleven-day lapse between the entry of judgment and the filing of the motion for a new trial, Judge Adkins was reassigned to different duties within the district. Responsibility for this case was then assumed by Judge Deno Himonas, who had succeeded to Judge Adkins's former duties. Following a hearing on the matter, Judge Himonas denied the motion for a new trial. Mann thereafter appealed.

## ANALYSIS

### I. Standard of Review

¶ 5 Generally, "[a] large measure of discretion is vested in the trial court in refusing or granting a motion for new trial on the ground that there is an insufficiency of the evidence to support the verdict and judgment." *Pollesche v. Transamerican Ins. Co.*, 27 Utah 2d 430, 497 P.2d 236, 238 (1972). We give such discretion to the trial court because of its superior position to evaluate first-hand the witnesses' testimony and other evidence presented at trial. *See State ex rel. Rd. Comm'n v. Jensen*, 22 Utah 2d 214, 451 P.2d 370, 371 (1969) ("The court below having made its determination after hearing all of the evidence presented at the first hearing, we are of the opinion that the court below was in a better position to determine whether the verdict should stand."). The general rule is inapplicable here.

¶ 6 In the instant case, Judge Adkins presided over the five-day jury trial, in which he made rulings on the evidence, saw witnesses testify, and addressed contested jury instructions. Due to Judge Adkins's reassignment within the district, however, this case was transferred to Judge Himonas, to whom it fell to rule on a post-trial motion regarding the evidence presented at trial. This motion was filed only eleven days after the judgment was entered and less than one month after the trial. While Judge Adkins had the benefit of presiding over the trial and undoubtedly still had a thorough recollection of the case and its nuances, Judge Himonas was a stranger to the case and could only consider the cold record in reach-

ing his decision on the motion. Under such circumstances, the appropriate action would have been for Judge Himonas to have transferred the case back to. Judge Adkins—"the judge that lived this trial" [1]—for a ruling on the motion for a new trial. But this was not done here, and Judge Himonas was therefore in no better position to decide this issue on the record than are we. Thus, we give his decision no deference and review his denial of the motion for a new trial under a correction of error standard. *Cf. West Valley City v. Patten*, 1999 UT App 149,¶ 7, 981 P.2d 420 (reviewing the denial of a motion to dismiss under a correction of error standard, giving no deference to the second trial judge's decision since she, as the recipient of the case via post-trial transfer, was in no. better position to determine the issue than was the appellate court). .

¶ 7 We further question, in general, the practice of automatically transferring cases among judges whenever there are judicial reassignments within a district. It seems to us that this practice adversely impacts the efficient use of limited judicial resources. Such a policy frequently results in the situation where the successor judge must pore over a transcript and other pertinent documents in an attempt to gain knowledge that the initially assigned judge already possesses. Further, there are insights gained from a judge's actual involvement with a case that cannot be gleaned from the cold record, which is the very reason appellate courts are usually so quick to defer to trial courts. *See State v. Calliham*, 2002 UT 86,¶ 23, 55 P.3d 573 ("[T]he trial judge, having personally observed the quality of the evidence, the tenor of the proceedings, and the demeanor of the parties, is in a better position to perceive the subtleties at issue than we can

looking only at the cold record."). Thus, the far superior policy is that once a judge takes any significant action in a case, that case should remain his or her responsibility so long as he or she is still on the bench. *See Hi–Country Estates Homeowners' Ass'n v. Bagley & Co.*, 2000 UT 27,¶ 15, 996 P.2d 534 ("[U]nless a justification for reassignment exists, a judge has a duty to retain a case until it is completed."). We therefore urge district courts to modify their reassignment policies accordingly.

## II. Motion for a New Trial

¶ 8 Mann argues that the trial court erred by denying her motion for a new trial based on insufficiency of the evidence.[2] "The trial court's denial of a motion for a new trial will be reversed only if 'the evidence to support the verdict was completely lacking or was so slight and unconvincing as to make the verdict plainly unreasonable and unjust.' " *Nelson v. Trujillo*, 657 P.2d 730, 732 (Utah 1982) (quoting *McCloud v. Baum*, 569 P.2d 1125, 1127 (Utah 1977)). Here, the evidence was not so lacking as to make the verdict plainly unreasonable. Even assuming that the evidence was properly marshaled on appeal,[3] we see no error that would warrant a new trial. There was certainly adequate evidence presented for reasonable jurors to determine that Fredrickson, the driver of the following vehicle, had acted reasonably under the circumstances. For example, there was evidence that he was attentive to Mann's vehicle, was keeping a proper lookout, was following at a reasonable distance, and made every effort to avoid impact when Mann's vehicle precipitously stopped. There was also sufficient evidence to support the determination that Mann had failed to act reasonably under the circumstances, including evidence that there was no

---

1. Judge Himonas alluded to the advantaged position of Judge Adkins in making this comment during the hearing on the motion for a new trial.

2. Mann also appeals the trial court's denial of her motion for a judgment notwithstanding the verdict. However, because Mann failed to make a motion for a directed verdict at trial, we do not address the denial of Mann's motion for judgment notwithstanding the verdict. *See* Utah R. Civ. P. 50(b); *Brigham v. Moon Lake Elec. Ass'n*, 24 Utah 2d 292, 470 P.2d 393, 396–97 (1970).

3. "To successfully attack the verdict, an appellant must marshal all the evidence supporting the verdict and then demonstrate that, even viewing the evidence in the light most favorable to that verdict, the evidence is insufficient to support it." *Von Hake v. Thomas*, 705 P.2d 766, 769 (Utah 1985). It is not entirely clear that Mann has met this "heavy burden." *Id.*

reason for her to stop, that she stopped very suddenly, and that prior to the stop she was not even aware of the vehicles behind her. "The jury was persuaded that [Fredrickson]'s actions were reasonable under these circumstances, and that [Mann]'s were not. As there is substantial credible evidence on which to base these findings, the jury's verdict will not be disturbed." *Maltby v. Cox Constr. Co.*, 598 P.2d 336, 340 (Utah), *cert. denied*, 444 U.S. 945, 100 S.Ct. 306, 62 L.Ed.2d 314 (1979). It follows that the motion for new trial, insofar as premised on this ground, was correctly denied.

¶ 9 Mann also premised her motion for new trial on another ground. She claimed that the trial court erred in giving a jury instruction specifying the duties of a leading driver, arguing that the instruction was "misleading, confusing, and unsupported by the evidence." We disagree. The instruction was consistent with the evidence and was necessary for the jury to make an informed decision regarding Mann's negligence. It correctly instructed the jury as to the duties of vehicle operators in both leading and following vehicles.[4]

¶ 10 Mann has not pointed to a specific ambiguity within the instruction, and we fail to see that the instruction was confusing or misleading. Further, because the language of which Mann complains had bearing only on the question of whether the leading driver was negligent, the instruction had no effect on the jury's determination that Fredrickson was not negligent to any degree. Thus, any error in giving the instruction would have been ultimately harmless. *See Jones v. Cyprus Plateau Mining Corp.*, 944 P.2d 357, 360 (Utah 1997) ("Harmless errors are those that are sufficiently inconsequential so no reasonable likelihood exists that the error affected the outcome of the proceedings.").

4. The instruction, based on Utah Code section 41–6–69(2), read in its entirety:

> When two automobiles are being driven along a public highway in the same direction, each driver must exercise that degree of care which the conditions demand.
>
> A person may not stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal to the operator of any vehi-

## CONCLUSION

¶ 11 Once a judge has taken meaningful action in a case, the case should remain with that judge. Otherwise, when the case is transferred to another judge, the recipient judge will likely be in no better position to rule on post-trial motions than are we. And as a result, we review any such decision without deference, under a correction of error standard. Doing so in this case, we determine that the motion for a new trial was correctly denied. There was ample evidence to support the jury's determination that Fredrickson was not negligent, and the contested jury instruction was appropriately given. Accordingly, we affirm the denial of Mann's motion for a new trial.

¶ 12 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge and WILLIAM A. THORNE JR., Judge.

cle immediately to the rear when there is opportunity to give a signal. If there is an opportunity to give a signal, an appropriate signal is made by depressing the brakes slowly or moderately rather than suddenly.

*See* Utah Code Ann. § 41–6–69(2) (1998) (current version at Utah Code Ann. § 41–6a–804(2) (2005)).