Argued and submitted January 19, reversed and remanded October 27, 2010

## Helen P. Runyon CRISMON,
### *Plaintiff-Appellant,*

*v.*

## Nancy Lucinda PARKS,
### *Defendant-Respondent.*

## Marion County Circuit Court
## 06C19006; A138878

241 P3d 1200

Michael H. Bloom argued the cause for appellant. With him on the briefs was Michael H. Bloom, P.C.

Steven M. Lippold argued the cause for respondent. With him on the brief was Fetherston Edmonds, LLP.

Before Wollheim, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

SERCOMBE, J.

■

**SERCOMBE, J.**

In this personal injury action, plaintiff appeals a jury verdict awarding her damages for injuries that she sustained in an automobile accident with defendant, contending that the trial court erred in declining to give her requested uniform jury instruction and that the failure to give the requested instruction resulted in a verdict that did not fully compensate plaintiff for her injuries. We conclude that the trial court erred in failing to give the instruction and reverse.

A party is entitled to jury instructions consistent with her theory of the case, provided that the instructions (1) correctly state the law; (2) are based on the current pleadings; and (3) are supported by evidence. *Hernandez v. Barbo Machinery Co.*, 327 Or 99, 101 n 1, 106, 957 P2d 147 (1998); *Fuller v. Merten*, 173 Or App 592, 596-97, 22 P3d 1221 (2001). A jury instruction is supported by the evidence "if there was any competent evidence to support it." *Carter v. Mote*, 285 Or 275, 279, 590 P2d 1214 (1979) (quoting *Manning v. Helbock et al.*, 135 Or 262, 266, 295 P 207 (1931)). In reviewing the trial court's ruling rejecting the requested instruction, we view the evidence in the light "most favorable to the establishment of facts necessary to require giving the instruction." *Hernandez*, 327 Or at 101 n 1.

Plaintiff was injured when her vehicle was struck from behind by defendant's vehicle. After the accident, plaintiff began experiencing pain in her low back. Both plaintiff's doctor and defendant's expert opined that plaintiff had experienced a muscle strain. The medical evidence at trial also established that plaintiff has a genetic condition known as a pars defect, which is a gap in the bony ring behind a vertebra. When a person has a pars defect, the vertebrae are more susceptible to shifting, causing a condition known as spondylolisthesis. Diagnostic tests revealed that plaintiff has spondylolisthesis at the L5-S1 level of her spine.

At trial, the two physicians testified that plaintiff's spondylolisthesis likely occurred when she was younger, years before the accident, and was asymptomatic until the accident, but that the accident likely made the condition painful. Dr. Vanderburgh, plaintiff's physician, testified that

it was probable that "something occurred because of the impact and force that made her back now painful and subject to limitations that are permanent that weren't present before the collision." Dr. Ballard, defendant's expert, testified that plaintiff could have suffered an aggravation of her spondylolisthesis as a result of the accident that lasted no more than three months from the date of the accident.

Plaintiff's theory of the case was that the collision caused plaintiff's asymptomatic spondylolisthesis condition to become symptomatic. Plaintiff argued that the spondylolisthesis was a previous infirm condition that predisposed her to injury. At the close of evidence, plaintiff requested Uniform Civil Jury Instruction (UCJI) 70.06 (Damages-A Previous Infirm Condition), regarding a "previous infirm condition." The requested instruction provided:

> "If you find that the plaintiff had a bodily condition that predisposed her to be more subject to injury than a person in normal health, nevertheless the defendant would be liable for any and all injuries and damage that may have been suffered by the plaintiff as the result of the negligence of the defendant, even though those injuries, due to the prior condition, may have been greater than those that would have been suffered by another person under the same circumstances."

The trial court declined to give the requested instruction, explaining, "[W]hat about this made her more susceptible to injury? I didn't see anything about that in this case." The trial court offered instead to give UCJI 70.07 (Damages-Aggravation of Preexisting Injury or Disability), but plaintiff declined the instruction.[1]

---

[1] UCJI 70.07 provides:

"In the present case the plaintiff has alleged that the injury which she sustained as the result of the negligence of the defendant aggravated a preexisting injury of hers.

"In determining the amount of damages, if any, to be awarded the plaintiff in this case, you will allow her reasonable compensation for the consequences of any such aggravation that you find to have taken place as the result of defendant's negligence.

"The recovery should not include damages for the earlier injury but only those that are due to its enhancement or aggravation."

The parties agree that UCJI 70.06 provides a correct statement of the law. The only dispute is whether the evidence supports the giving of the instruction. Plaintiff reasons that, because the medical evidence shows that she had an asymptomatic back condition that the accident caused to become symptomatic, necessarily, the evidence was sufficient to support the giving of the "previous infirm condition" instruction.

That is what we held in *Winn v. Fry*, 77 Or App 690, 714 P2d 269, *rev den*, 301 Or 241 (1986). In that case, the plaintiff sought to recover damages for injuries that she suffered in an automobile accident. The evidence showed that the plaintiff had a degenerative back condition that preexisted the injury and that the condition may have been made worse by the accident. The plaintiff requested both the "previous infirm condition" instruction and the "aggravation of preexisting injury or disability" instruction. The court rejected both instructions. *Id.* at 692-93. The jury found for the defendant, and the plaintiff appealed, assigning error to the trial court's failure to give the identical "previous infirm condition" instruction involved in this case. *Id.* at 692 n 1.

In holding that the plaintiff was entitled to the requested instructions, the court explained:

> "[P]laintiff would be entitled to an instruction that she could recover damages despite a preexisting infirmity if such an instruction was supported by the evidence. *Here, there was testimony by medical experts and lay witnesses that would support a finding that plaintiff had a back condition that preexisted this accident and that the condition may have been made worse by the accident. That evidence was sufficient to require the giving of the requested instructions. See State ex rel Redden v. Discount Fabrics*, 289 Or 375, 388-89, 615 P2d 1034 (1980) [(evidence sufficient to allow jury to find that defendant acted willfully)]."[2]

*Winn*, 77 Or App at 692-93 (emphasis added; footnotes omitted). Thus, contrary to the trial court's understanding in this case, to support the giving of the "previous infirm condition"

---

[2] The court noted that the medical evidence also supported the giving of the "aggravation" instruction, "despite the possible inconsistencies in the two legal positions." *Winn*, 77 Or App at 693 n 2.

instruction, it was not necessary for there to be evidence explicitly stating that plaintiff's preexisting condition made her more susceptible to injury. It was sufficient in this case that there was evidence that the accident aggravated plaintiff's preexisting condition, from which the finder of fact could draw an inference that plaintiff "had a bodily condition that predisposed her to be more subject to injury than a person in normal health." The "previous infirm condition" instruction is designed to prevent the jury from discounting damages because a "normal" person would not have suffered the same extent of damages as the plaintiff. *Fuller*, 173 Or App at 597-98.

■     Defendant asserts that any error in not giving the instruction was invited or was not prejudicial, in light of plaintiff's rejection of the "aggravation" instruction, which defendant contends was also supported by the evidence and which would have expressly instructed the jury that it could award damages if defendant's negligence made plaintiff's preexisting spondylolisthesis worse.

In plaintiff's view, the "aggravation" instruction was not supported by the evidence or by plaintiff's theory of the case. That instruction is only appropriate, plaintiff contends, in cases in which the plaintiff suffers from a previous *injury or disability* and the preexisting condition is symptomatic before the accident. The instruction is intended, plaintiff contends, to limit compensation to the amount of additional pain and disability caused by the defendant's negligence. Here, plaintiff contends, there was no evidence that her preexisting spondylolisthesis was an "injury or disability" causing her pain or disability before the accident; thus, she asserts, the aggravation instruction was inappropriate. She further contends that, even if the aggravation instruction could be a substitute for the "previous infirm condition" instruction, plaintiff's objection to the "aggravation" instruction did not, as defendant contends, invite the trial court's erroneous decision not to give the "previous infirm condition" instruction.

We agree with plaintiff that there was no invited error. The record shows that the trial court determined, independently of plaintiff's decision to decline the aggravation

instruction, that it would not give the previous infirm condition instruction, because the evidence did not support the instruction. As we have held, in so concluding, the trial court erred.

We also agree with plaintiff that the aggravation instruction was not consistent with plaintiff's theory of the case and that it therefore would not have been a substitute for plaintiff's requested instruction. Plaintiff's theory was that the preexisting spondylolisthesis had been asymptomatic—*i.e.*, that previous to the accident, she had suffered no limitations or pain—and that the condition was made symptomatic by the accident. The "previous infirm condition" instruction explains that the defendant is responsible for the full extent of the plaintiff's damages caused by the defendant's negligence, notwithstanding the preexisting condition.

In contrast, the aggravation instruction would have characterized plaintiff's spondylolisthesis as a "preexisting *injury*" that caused previous "damages" (pain and suffering) to plaintiff. The aggravation instruction directs that the plaintiff's "recovery should not include damages for the earlier injury but only those that are due to its enhancement or aggravation." The characterization of plaintiff's spondylolisthesis as a preexisting injury, as well as the instruction to "not include damages for the earlier injury but only those that are due to its enhancement" could have misled the jury to believe that it had to attribute a portion of plaintiff's damage to a preexisting injury, which would not have been defendant's responsibility. In light of plaintiff's theory of the case—that she had no damages before the accident—the aggravation instruction was not an adequate substitute for the "previous infirm condition" instruction. *See Rogers v. Meridian Park Hospital*, 307 Or 612, 772 P2d 929 (1989) (instructions that mislead or confuse are grounds for reversal or new trial).

Nonetheless, defendant contends that any error in failing to give plaintiff's requested instruction is not reversible. Error in failing to give a requested instruction requires reversal only if the jury instructions given by the trial court, considered as a whole, caused prejudice to the party requesting the instruction. *Hernandez*, 327 Or at 106. The failure to give an instruction is prejudicial "if the trial court's failure to

give the requested instruction probably created an erroneous impression of the law in the minds of the members of the jury and if that erroneous impression may have affected the outcome of the case." *Id.*

Plaintiff contends that, under her theory of the case, it was critical that the jury understand that the law holds defendant liable for all injuries and damage resulting from defendant's negligence, even if plaintiff's prior condition made her injuries and damage greater than what would have been suffered by a healthy person under the same circumstances. Plaintiff asserts that UCJI 70.06 provided that understanding, by explaining, essentially, that the defendant "takes the plaintiff as she finds her." *See Winn*, 77 Or App at 693 ("The basic premise regarding damages is that a defendant 'takes the plaintiff as he finds him[.]' "). In the absence of the "previous infirm condition" instruction, plaintiff argues, the jury might have mistakenly believed that, because defendant did not cause plaintiff's spondylolisthesis, defendant should not be responsible for damages made greater by that condition. The court gave the general causation instruction, which required plaintiff to prove that "defendant's negligence was a cause of damage to the plaintiff." The instruction defined "cause" as "an act or omission that is a substantial factor in bringing about the injury." We agree with plaintiff that, given the nature of the evidence at trial, without UCJI 70.06, it is possible that the jurors decided that, because of plaintiff's preexisting spondylolisthesis, defendant was not responsible for the full extent of plaintiff's damages. *See Fuller*, 173 Or App at 597. The error in not giving the instruction therefore was prejudicial.

Reversed and remanded.