Submitted February 21, affirmed March 27, 2013

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RUSSELL CAIN PINCKNEY,
*Defendant-Appellant.*

Klamath County Circuit Court
1000351CR; A147448

298 P3d 1248

Peter Gartlan, Chief Defender, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and De Muniz, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of unlawful use of a weapon, ORS 166.220. On appeal, he asserts that, for purposes of ORS 166.220(1)(a), a person does not use a dangerous weapon merely by threatening to use it against another person. Accordingly, defendant argues that the trial court erred when it declined to give his requested jury instruction defining the term "use of a dangerous weapon" as follows:

> "'Use of a dangerous weapon' means to utilize the weapon in such a way that it could readily cause death or serious physical injury. Threatening to use a dangerous weapon is not use of that weapon."

However, as we recently held in *State v. Ziska*, 253 Or App 82, 88-89, 288 P3d 1012 (2012), "'use' in ORS 166.220(1)(a) describes both the actual use of physical force and the threat of immediate use of physical force." Thus, defendant's proposed jury instruction was not a correct statement of the law, and the trial court did not err in declining to give it. *See Crismon v. Parks*, 238 Or App 312, 314, 24 P3d 1200 (2010) (for a party to be entitled to a jury instruction, the instruction must correctly state the law).

Affirmed.