2014 UT App 36

**Jodi KRANENDONK, Plaintiff, Appellant, and Cross-appellee**

v.

**GREGORY & SWAPP, PLLC and Erik Highberg, Defendants, Appellees, and Cross-appellants.**

No. 20120660–CA.

Court of Appeals of Utah.

Feb. 13, 2014.

Shaun L. Peck, Brandon J. Baxter, and Matthew David Lorz, for Appellant and Cross-appellee.

Gregory J. Sanders, Salt Lake City, and Patrick C. Burt, for Appellees and Cross-appellants.

Judge J. FREDERIC VOROS JR. authored this Opinion, in which Judge STEPHEN L. ROTH and Senior Judge PAMELA T. GREENWOOD concurred.[1]

VOROS, Judge:

¶ 1 This legal malpractice claim involves a case within a case. Jodi Kranendonk was injured in an Oregon traffic accident. She retained Gregory & Swapp, PLLC and Erik Highberg (the Attorneys) to bring a negligence action against two truck drivers (the Truckers). The Attorneys twice failed to perfect service of process on the Truckers; as a result, Kranendonk's Oregon negligence case was ultimately dismissed. Kranendonk sued the Attorneys in Utah for malpractice and fraud. The Attorneys admit that they mishandled the Oregon case but maintain that because that case lacked merit, no damages resulted.

¶ 2 On summary judgment, the district court ruled that Kranendonk failed to raise a genuine issue of material fact as to liability but succeeded in raising a genuine issue of material fact as to damages. We reverse the first ruling and affirm the second.

## BACKGROUND [2]

¶ 3 Kranendonk is a resident of Utah. In June 2006 she was injured in a multi-vehicle accident in Clackamas County, Oregon. Heavy traffic brought her car and others to a complete stop. Two trucks, driven by the Truckers, struck the stopped traffic. Kranendonk was injured.

¶ 4 Kranendonk retained Gregory & Swapp, PLLC, a Utah law firm, to sue the Truckers. Gregory & Swapp assigned the case to Erik Highberg, a lawyer licensed in Oregon. In 2007 the Attorneys filed a complaint in Clackamas County, Oregon, on be-

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. When reviewing a district court's rulings on a summary judgment motion, we recite all facts and fair inferences in the light most favorable to the nonmoving party. *Poteet v. White,* 2006 UT 63, ¶ 7, 147 P.3d 439.

half of Kranendonk.[3] But because they failed to perfect service within sixty days, the complaint was dismissed. A year later the Attorneys filed a second complaint but again failed to perfect service within sixty days. Consequently, that complaint was also dismissed. Under the applicable Oregon statute of limitations, the second dismissal was fatal to Kranendonk's Oregon claim. The following year the Attorneys filed a third complaint, this time in Klickitat County, Washington, seeking to take advantage of that state's longer statute of limitations. The Washington court dismissed the complaint on res judicata grounds. At that point the Attorneys disclosed to Kranendonk that because they had not timely served the Truckers, her negligence claim was time-barred. Kranendonk fired the Attorneys and retained her current counsel.

¶ 5 Relying on the Oregon savings statute, Kranendonk's current counsel filed yet another complaint in Oregon, which they later amended. The Truckers filed answers to the amended complaint. Those answers admitted that "the motor vehicle accident was caused by the joint fault" of the Truckers. The Truckers also apparently stipulated to an allocation of their fault. Their answers also asserted a statute of limitations defense. The case proceeded to trial, where the jury accepted the statute of limitations defense and thus rendered no verdict on the merits. Kranendonk's complaint was consequently dismissed.

¶ 6 Kranendonk then filed this legal malpractice action against the Attorneys. The Attorneys admitted "professional negligence" but moved for summary judgment on the grounds that Kranendonk (1) had not made a prima facie case that "there was a viable claim which was lost" as a result of the malpractice and (2) had not presented evidence of what a Clackamas County jury "would award even if they found full liability."

¶ 7 The district court granted summary judgment in part. With respect to liability,

the court ruled that Kranendonk had not raised a genuine issue of material fact. The court noted that Kranendonk had "relie[d] on two sources of evidence to establish fault or liability of [the Truckers]": Kranendonk's own deposition and the Truckers' answers. The court ruled that Kranendonk's deposition did not independently raise a genuine issue as to liability and that the answers were inadmissible hearsay. Accordingly, it ruled that Kranendonk had not made a prima facie case that her underlying negligence case would have been successful but for the Attorneys' malpractice. Kranendonk challenges this ruling on appeal.

¶ 8 With respect to damages, the court ruled that Kranendonk had raised a genuine issue of material fact. The court ruled that Kranendonk was not required to show what a Clackamas County jury might award. Accordingly, the district court ruled that Kranendonk had presented evidence sufficient to meet her burden and thus create a genuine issue of material fact as to damages in the underlying case. The Attorneys challenge this ruling on cross-appeal.

## ISSUES AND STANDARDS OF REVIEW

¶ 9 Kranendonk contends that she presented sufficient evidence to raise a genuine issue of material fact as to liability in the Oregon negligence case. "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted).

¶ 10 The Attorneys contend that Kranendonk should have been required to present evidence of the damages a jury in Clackamas County would award. "Whether the district court applied the correct rule for measuring damages is a question of law that we review for correctness." *Mahana v.*

---

**3.** An attorney or party who signs or submits a pleading in Oregon certifies, "based on the person's reasonable knowledge, information and belief, formed after the making of such inquiry as is reasonable under the circumstances ... that the allegations and other factual assertions in the pleading ... are supported by evidence." *See* Or. R. Civ. P. 17 C(1), (4).

*Onyx Acceptance Corp.,* 2004 UT 59, ¶ 25, 96 P.3d 893.

## ANALYSIS

¶ 11 A court may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c); *see also Gardner v. Board of County Comm'rs,* 2008 UT 6, ¶ 17, 178 P.3d 893. " 'Conversely, if there is any dispute as to any issue, material to the settlement of the controversy, the summary judgment should not be granted.' " *Hone v. Advanced Shoring & Underpinning, Inc.,* 2012 UT App 327, ¶ 6, 291 P.3d 832 (quoting *Holbrook Co. v. Adams,* 542 P.2d 191, 193 (Utah 1975)).

### I. Liability in the Oregon Case

¶ 12 "In a legal malpractice action, a plaintiff must plead and prove (i) an attorney–client relationship; (ii) a duty of the attorney to the client arising from their relationship; (iii) a breach of that duty; (iv) a causal connection between the breach of duty and the resulting injury to the client; and (v) actual damages." *Harline v. Barker,* 912 P.2d 433, 439 (Utah 1996). To prove proximate cause, the plaintiff "must show that absent the attorney's negligence, the underlying suit would have been successful." *Id.*

¶ 13 Here, the Attorneys argue that Kranendonk offered no evidence that, absent their negligent conduct, the underlying suit would have been successful—specifically, that she could have shown that the Truckers were at fault and caused her injuries. The district court agreed and granted summary judgment on this ground. Kranendonk contends that the district court erred in determining that she had "failed to provide competent evidence to establish liability" in the Oregon case. She argues that she offered two forms of evidence, each sufficient to create a genuine issue of material fact: her deposition testimony and the Truckers' answers.

### A. Kranendonk's Deposition

¶ 14 Kranendonk contends that her deposition testimony was sufficient to defeat the Attorneys' motion for summary judgment. The district court ruled that the deposition "only establishes that [she] was in an accident but fails to establish fault or liability" in the Oregon case. The Attorneys maintain that the district court's ruling was correct because, "[o]utside of [this] unreliable testimony, there were no designated eyewitnesses, police officers, accident reconstruction experts or anybody to explain what happened in the Oregon accident."

¶ 15 "[A] district court should grant summary judgment only when, viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Suarez v. Grand County,* 2012 UT 72, ¶ 18, 296 P.3d 688 (citation and internal quotation marks omitted). And while a plaintiff facing summary judgment "is entitled to all favorable inferences, [she] is not entitled to build a case on the gossamer threads of whimsy, speculation and conjecture." *Ladd v. Bowers Trucking, Inc.,* 2011 UT App 355, ¶ 7, 264 P.3d 752 (citation and internal quotation marks omitted). A reasonable inference exists when "there is at least a foundation in the evidence upon which the ultimate conclusion is based," while "in the case of speculation, there is no underlying evidence to support the conclusion." *Harding v. Atlas Title Ins. Agency, Inc.,* 2012 UT App 236, ¶ 7, 285 P.3d 1260. Thus, "it only takes one sworn statement under oath to dispute the averments on the other side of the controversy and create an issue of fact." *Draper City v. Estate of Bernardo,* 888 P.2d 1097, 1101 (Utah 1995) (citation and internal quotation marks omitted); *accord Anderson Dev. Co. v. Tobias,* 2005 UT 36, ¶ 32, 116 P.3d 323; *Wolf Mountain Resorts, LC v. ASC Utah, Inc.,* 2011 UT App 425, ¶ 12, 268 P.3d 872.

¶ 16 Kranendonk's deposition is a sworn statement. In it, she describes driving on a sunny day over dry pavement. The vehicles ahead of her stopped due to heavy rush-hour traffic and she brought her own vehicle to a

complete stop. She was belted in, her foot on the brake, her hands on the steering wheel. She testified that, a few seconds later, "I looked in the mirror and here comes the truck. I didn't even get time to lean over and tell my mom before he hit us." Her car was hit in the rear, "pushed to the right side," and then "sideswiped" by "[a]nother semi." The impact knocked her vehicle across two lanes.

¶ 17 The law in several states recognizes a rebuttable presumption that when a stopped vehicle is rear-ended by a following vehicle, the driver of the following vehicle was negligent. *See, e.g., Huntoon v. TCI Cablevision of Colo., Inc.*, 969 P.2d 681, 687 (Colo.1998); *Eppler v. Tarmac America, Inc.*, 752 So.2d 592, 594 (Fla.2000); *Andrade v. Housein*, 147 Md.App. 617, 810 A.2d 494, 498 (2002); *White v. Taylor Distrib. Co.*, 482 Mich. 136, 753 N.W.2d 591, 593–94 (2008); *Gutierrez v. Trillium USA, LLC*, 111 A.D.3d 669, 974 N.Y.S.2d 563, 565 (2013). Oregon has not adopted this presumption, holding that such questions are for the jury. *See, e.g., Fischer v. Kombol*, 90 Or.App. 398, 752 P.2d 349, 350–51 (1988) (holding that a lack of evidence that the lead car stopped suddenly did not entitle the driver of that car to a finding that the driver of the following car was negligent as a matter of law); *Winn v. Fry*, 77 Or.App. 690, 714 P.2d 269, 270 (1986) (affirming trial court's refusal, in rear-end collision case, to instruct the jury that the driver of the following car was negligent as a matter of law). Like Oregon, Utah has not adopted this presumption. *See King v. Fereday*, 739 P.2d 618, 620 (Utah 1987).

¶ 18 Nevertheless, our supreme court has stated "that in most cases where one car 'rear ends' another it accords with common sense and experience to believe that the following car has disregarded the duty to keep a lookout ahead and keep the car under control and is, therefore, at fault." *Bullock v. Ungricht*, 538 P.2d 190, 191 (Utah 1975); *cf. Mann v. Fredrickson*, 2006 UT App 475, ¶ 8, 153 P.3d 768 (upholding a jury verdict finding that in a rear-end collision, the driver of the following vehicle acted reasonably).

¶ 19 Thus, even without the benefit of such a presumption, Kranendonk's deposition testimony, viewed "in the light most favorable to the nonmoving party," *Suarez*, 2012 UT 72, ¶ 18, 296 P.3d 688 (citation and internal quotation marks omitted), provides a sufficient "foundation in the evidence upon which the ultimate" inference of negligence may be based, *Harding*, 2012 UT App 236, ¶ 7, 285 P.3d 1260. She describes an accident in which, approaching stopped traffic, she brought her car to a complete stop but was rear-ended by one fast-moving truck then side-swiped by another. Under these circumstances, a reasonable jury could conclude that the driver who stopped her car in time to avoid a collision was not negligent and the drivers who failed to stop their trucks and crashed into the stopped vehicles were negligent.

¶ 20 "[S]ummary judgment is appropriate in negligence cases only in the clearest instances." *Dwiggins v. Morgan Jewelers*, 811 P.2d 182, 183 (Utah 1991). Therefore, "[i]t is only when the facts are undisputed and but one reasonable conclusion can be drawn therefrom" that proximate cause becomes a question of law. *Apache Tank Lines, Inc. v. Cheney*, 706 P.2d 614, 615 (Utah 1985). This case is not so clear-cut. Kranendonk's deposition testimony at least raised a genuine issue of material fact as to whether the Truckers were negligent and whether their negligence caused her injuries.

**B.   The Truckers' Answers**

¶ 21 Kranendonk also contends that the Truckers' answers, submitted in response to the Attorneys' motion for summary judgment, were sufficient to raise a genuine issue of material fact as to fault and causation. The Truckers' answers each "admit[ ] . . . that the motor vehicle accident was caused by the joint fault of [the Truckers] in an agreed allocation."

¶ 22 The district court ruled that the answers were inadmissible hearsay on the ground that the "[a]nswers were signed by counsel for [the Truckers]."[4] Kranendonk argues that the answers are not hearsay on

---

4.   The court did not reject the answers as untimely filed or as lacking authentication.

several grounds: because they are judicial admissions, because the attorneys who signed them were authorized agents of the Truckers, and because the answers are statements by opposing parties. Kranendonk further asserts that even if the answers are hearsay, they are admissible as self-authenticating public records, as statements against interest, and under the residual hearsay exception. We conclude that the answers are judicial admissions and thus not hearsay.

¶ 23 "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement." *State v. McNeil*, 2013 UT App 134, ¶ 44, 302 P.3d 844; *see also* Utah R. Evid. 801(c). "Hearsay is generally inadmissible because the witness 'is acting as a conduit to relay' the personal knowledge or observations of others." *Id.* (quoting *State v. Sibert*, 6 Utah 2d 198, 310 P.2d 388, 390 (1957)). However, an admission in a pleading is not generally viewed merely as the attorney's retelling of the client's out-of-court statement; rather, it is "a judicial admission" that is "normally conclusive on the party making it." *Baldwin v. Vantage Corp.*, 676 P.2d 413, 415 (Utah 1984). Likewise, under Oregon law, pleadings are "not mere ordinary admissions ... but judicial admissions ...; i.e., they are not means of evidence but a waiver of all controversy (so far as the opponent may desire to take advantage of them) and therefore a limitation of the issues." *Borgert v. Spurling*, 191 Or. 344, 230 P.2d 183, 187 (1951); *see also Linefsky v. Redevelopment Auth.*, 698 A.2d 128, 133 (Pa.Commw.Ct.1997) ("It is well established that judicial admissions are admissible as exceptions to the hearsay rule and may arise from a party's statement in his pleadings.").

¶ 24 In keeping with the foregoing principles, our supreme court has held that an answer and counterclaim were not subject to the hearsay rule. *See Condas v. Condas*, 618 P.2d 491, 494–95 (Utah 1980), *disapproved on other grounds by White Pine Ranches v. Osguthorpe*, 731 P.2d 1076, 1076–79 (Utah 1986) (discussing admissibility of abstract of record). In *Condas*, defendants objected to the admission of an answer and counterclaim, arguing that it was inadmissible under any exception to the hearsay rule. *Id.* at 495. The answer and counterclaim had been filed in a prior action by a non-party to the current case. *Id.* at 492–93. Our supreme court rejected the hearsay argument out of hand: "Though defendants have discussed this point in detail under several exceptions to the hearsay rule, we do not do so, as it is admissible as a judicial admission." *Id.* at 495 (citing *McCormick's Handbook of the Law of Evidence* § 265 (Edward W. Cleary ed., 2d ed.1972)).

¶ 25 We accordingly hold that the Truckers' answers are admissible to show that the Truckers conceded the issues of fault and causation. We agree with Kranendonk that "the answers are the best evidence of what would have happened in the underlying case because the Truckers are bound by their own admissions." Because we determine that the answers were "admissible as ...˙ judicial admission[s]," we need not consider whether any hearsay exceptions apply. *Id.*

¶ 26 Kranendonk's deposition testimony and the Truckers' answers raised a genuine issue of material fact as to the Truckers' liability in the underlying negligence case. Accordingly, we reverse the district court on this issue.

## II. Proving Damages

¶ 27 The Attorneys cross-appeal, contending that the district court erred by ruling "that the Utah jury could set the value of the lost personal injury claim without any reference to where the claim arose." In moving for summary judgment, the Attorneys argued that Kranendonk was required to prove "the value of her underlying case" and therefore must show what a Clackamas County jury "would award if she was successful." Because Kranendonk made no such showing, the Attorneys argued, she failed to raise a genuine issue of material fact as to her damages. The district court rejected this argument.

¶ 28 In a malpractice case, the plaintiff must prove the "trial-within-a-trial"; that is, the plaintiff "must show that absent the attorney's negligence, the underlying suit would have been successful." *Harline v.*

*Barker,* 912 P.2d 433, 439–40 (Utah 1996). The measure of damages is generally held to be the value of the plaintiff's lost claim, that is, the actual amount the plaintiff would have recovered had she been successful in the underlying case. *See Eastman v. Messner,* 188 Ill.2d 404, 242 Ill.Dec. 623, 721 N.E.2d 1154, 1158 (1999); *Schultheis v. Franke,* 658 N.E.2d 932, 939–40 (Ind.Ct.App.1995); *Campagnola v. Mulholland,* 76 N.Y.2d 38, 556 N.Y.S.2d 239, 555 N.E.2d 611, 613 (1990); 3 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 21.1, at 3 (2013 ed.).

¶ 29 In determining what the outcome of the trial-within-a-trial would have been, an "objective standard" applies; the purpose of the trial-within-a-trial is to determine "not what a particular judge or jury *would have* decided (a subjective standard)," but what the result *"should have* been." *Harline,* 912 P.2d at 440 (holding that a malpractice plaintiff was not entitled to a have a jury decide how a reasonable bankruptcy judge would have ruled); 4 Mallen & Smith, *Legal Malpractice* § 37.30, at 1731. "Because the standard is objective, neither the identity, idiosyncrasies nor opinions of the particular trier of fact [are] relevant...." 4 Mallen & Smith, *Legal Malpractice* § 37.30, at 1731.

¶ 30 We agree with the district court that this rule applies even across state lines. Under the *Harline* objective test, the trier of fact must determine not what a particular jury—for example, a Clackamas County jury—*would have* awarded Kranendonk in damages but what a reasonable jury *should have* awarded her.

¶ 31 And contrary to the Attorneys' argument, we see nothing in this conclusion that runs afoul of our supreme court's pronouncement, in a different context, "that each state retains the right and the responsibility to draw on its own values and traditions when assessing the reprehensibility of tortious conduct for the purpose of reviewing the propriety of a punitive damages award, so long as that review conforms to ... the demands of due process." *Campbell v. State Farm Mut. Auto. Ins. Co.,* 2004 UT 34, ¶ 46, 98 P.3d 409.

¶ 32 We therefore affirm the district court's ruling that Kranendonk was not required to present expert testimony on the amount a Clackamas County jury would award to survive the Attorneys' motion for summary judgment.[5]

## CONCLUSION

¶ 33 Kranendonk's deposition testimony provided a sufficient foundation for the ultimate inference that the Truckers were liable for her injuries. The Truckers' answers were not hearsay, because they were judicial admissions. The answers also support Kranendonk's claim that the Truckers' fault caused the accident. Accordingly, we reverse the partial summary judgment on the basis that disputed issues of material fact remain. We affirm the district court's ruling that Kranendonk was not required to present expert testimony regarding Clackamas County community values and previous jury awards to support her damages claim.

---

**5.** The Attorneys also argue that Oregon law concerning such issues as comparative negligence and damage caps applies here. However, because the district court did not rule on this question, we do not address it.