2006 UT 63

**Greg POTEET, Plaintiff and Appellant,**

v.

**William WHITE, Rick Green, and Mark Harris, Defendants and Appellee.**

No. 20050368.

Supreme Court of Utah.

Oct. 20, 2006.

Daniel F. Bertch, Kevin R. Robson, Salt Lake City, for plaintiff.

Scott W. Christensen, Cory D. Memmott, Salt Lake City, for appellee.

DURRANT, Justice:

## INTRODUCTION

¶ 1 This case concerns a fire that spread from William White's property to Greg Poteet's sawmill on a neighboring property. The fire was allegedly started by White's independent contractor, Rick Green. Poteet sued White for negligence, seeking to recover for damages to his property. The district court granted White's motion for summary judgment. We conclude that summary judgment was appropriate because the undisputed facts entitle White to judgment as a matter of law. White produced evidence by affidavit and deposition establishing that Green, who had previously used fire to clean White's property, did not light the fire that spread to the sawmill. We have not found and Poteet has not directed us to any admissible evidence in the record to dispute this evidence. Because the record contains no admissible evidence connecting White to the damage to Poteet's sawmill, the district court correctly entered summary judgment against him. We therefore affirm.

## BACKGROUND

¶ 2 Defendant William White owned property near Escalante, Utah that abutted a county road. Across the county road from White's property, Greg Poteet owned property on which he operated a small sawmill. In late 2000 or early 2001, White hired Rick Green as an independent contractor to clean up White's property. Green lived and worked in Escalante during the spring, summer, and fall, but worked at White's restaurant in Park City during the winter. Green was aware that White owned property near Escalante and offered to clean it up for a fee. White accepted Green's offer.

¶ 3 As part of cleaning the property, Green gathered debris into piles and burned them. The parties refer to these piles of debris as "slash piles." Although it is disputed whether White knew that Green would be using fire to clean up the property, it is undisputed that White did not instruct Green to use fire. It is also undisputed that White did not exercise any control over how Green did the job. The record shows that Green burned at least two slash piles in the course of his clean-up. He burned a large slash pile in late 2000 or early 2001 and a second slash pile in the fall of 2001 ("Fall 2001 Fire"). Green characterizes this second fire as "the final slash pile" and states that it was "the last obstacle of [his] initial work for [White]."

¶ 4 Poteet's injury stems from a later fire, however, which was lit on White's property in late January or early February, 2002 ("Winter 2002 Fire"). During this time period, Poteet saw Troy Lyman, Jr. and Mark Harris attending a fire on White's land and

cautioned them to take care of the fire and "put it dead out." But in April 2002, smoldering embers from that fire reignited during a wind storm and caused the fire to spread across the county road, ultimately damaging Poteet's sawmill. A forest service fire investigator, Donald Mosier, ruled out the Fall 2001 Fire as the source of the fire and concluded that the Winter 2002 Fire was the only source of the damage.

¶ 5 Poteet alleged in his complaint that Green set the Winter 2002 Fire. In support of this allegation, Poteet gave an affidavit where he states that Lyman and Harris told him that they were watching the fire for Green who had set it the day before. But in his deposition, Green denied knowledge of "any kind of a fire that was built on Mr. White's property in late January or early February [of 2002]" and affirmed that during the relevant time period he was "really involved with the [Salt Lake City Winter] Olympics."

¶ 6 Poteet filed his complaint on October 31, 2002, naming White, Green, and Harris as defendants. Almost two years later, White filed a motion for summary judgment, arguing that Poteet had "produced no evidence that ... White is liable for the fire that caused plaintiff's damages" and asserting that Green was, at most, an independent contractor for whose actions he could not be held liable. Poteet responded that White's motion disregarded the evidence that the Winter 2002 Fire, not the Fall 2001 Fire, spread to his sawmill and that vicarious liability was appropriate under various restatement sections. The district court entered summary judgment in favor of White, concluding that Green was an independent contractor, that White did not have control over Green sufficient to impose liability on White, and that White's knowledge that Green was utilizing fire as part of his clean-up responsibilities was by itself insufficient to impose

liability on White. Poteet timely appealed the judgment to this court.

## ANALYSIS

¶ 7 Summary judgment is appropriate only where (1) "there is no genuine issue as to any material fact" and (2) "the moving party is entitled to a judgment as a matter of law."[1] Because, by definition, a district court does not resolve issues of fact at summary judgment, we consider the record as a whole and review the district court's grant of summary judgment de novo, reciting all facts and fair inferences drawn from the record in the light most favorable to the nonmoving party.[2] Nevertheless, where the movant supports a motion for summary judgment with affidavits or other sworn evidence, the nonmoving party may not rely on bare allegations from the pleadings to raise a dispute of fact.[3] Accordingly, an allegation in a pleading has no effect on our view of the facts if it is controverted by depositions, answers to interrogatories, admissions on file, affidavits, or other admissible evidence in the record.[4] If a motion for summary judgment is supported by these types of evidence, in order to raise a dispute of fact, a nonmoving party must use evidence from these same types of sources.[5]

¶ 8 Given these principles, our task in this appeal is to examine the record and determine whether it establishes at least a dispute of fact as to the elements required to hold White liable for the injury to Poteet's sawmill. Poteet bases his case against White on the theory that Green set the Winter 2002 Fire and that White is vicariously liable for Green's actions. Poteet's arguments for vicarious liability are based solely on sections 427, 427A, and 427B of the Restatement (Second) of Torts. Section 427 provides for vicarious liability for one who employs an independent contractor to do inherently dan-

1. Utah R. Civ. P. 56(c).

2. *Ledfors v. Emery County Sch. Dist.,* 849 P.2d 1162, 1162 (Utah 1993).

3. Utah R. Civ. P. 56(e); *accord Johnson v. Hermes Assocs.,* 2005 UT 82, ¶ 20, 128 P.3d 1151 (holding that facts were "not disputed because

[nonmovant] failed to contest them with specific sworn evidence as required under rule 56(e)").

4. *See Johnson,* 2005 UT 82, ¶ 20, 128 P.3d 1151.

5. *Id.*

gerous work.[6] Section 427A provides for vicarious liability for one who employs an independent contractor to do abnormally dangerous work.[7] And section 427B provides for vicarious liability for one who employs an independent contractor to do work likely to involve a trespass or nuisance.[8] Poteet argues that we should adopt these sections and apply them to impose liability on White in this case. We have not previously considered whether to adopt these sections into the law of Utah. And we decline to consider adopting them here because it is unnecessary to our resolution of the case. The record does not present a dispute of material fact as to a key element that would be required to impose vicarious liability on White under these sections. In particular, although Poteet claims that Green started the Winter 2002 Fire, we find no admissible evidence to dispute Green's denial in his deposition that he was involved in that fire.

¶ 9 Even if White were vicariously liable for Green's actions, Poteet would still need to prove that Green's actions caused the damage to the sawmill.[9] Both White and the district court appear to assume at least a dispute of fact as to whether Green caused the damage, but a close look at the record reveals that the undisputed evidence is that Green did not set the fire. In his deposition, Green was asked whether he knew "anything about any kind of a fire that was built on Mr. White's property in late January or early February." He answered "No." Green further affirmed that he was involved in the Salt Lake City Winter Olympics during that time. Poteet argues that this fact is disputed based on (1) Poteet's affidavit in which he states that Harris and Lyman told him that Green set the fire, and (2) statements in Green's depositions where he admits to setting two separate fires. We will discuss these two sources in turn.

¶ 10 Poteet testified in his affidavit that in late January or early February 2002, he spoke with Lyman and Harris who were attending a fire on "the same exact spot from which the fire spread to [his] sawmill." He further testified that "[Lyman and Harris] said they had come to check the fire for Rick Green, whom they said had started the fire the day before." This testimony is, however, inadmissible as classic hearsay that does not fall under any exception.[10] Accordingly, the testimony does not satisfy rule 56(e)'s requirement that an affidavit only "set forth such facts as would be admissible in evidence."[11] As we have noted in the past, "[s]ummary judgment may … not be denied based solely on inadmissible hearsay."[12] Thus, the only admissible evidence regarding Poteet's encounter with Lyman and Harris from Poteet's affidavit is that the fire was started in late January or early February 2002, and that it was attended by Harris and Lyman. This is insufficient to give rise even to an inference that Green started the fire.

¶ 11 Poteet also claims that Green specifically admitted to setting the fire that damaged the sawmill. There were at least three fires set on White's property from the fall of 2000 to the winter of 2002. It is undisputed that the Winter 2002 Fire is the one that damaged Poteet's sawmill. In one of his memoranda in opposition to summary judgment, Poteet quoted a portion of Green's deposition where Green admits to setting fire to the slash pile closest to the road and admits to setting fire to the slash pile farthest from the road. In bracketed additions within the quotation, Poteet's counsel characterized the pile closest to the road as the one that spread to the sawmill. But without the commentary it is unclear from the record before us which two of the three slash piles Green admitted to starting. There are no maps labeling the various slash piles and no deposition testimony or affidavit to clarify the slash piles to which Green was referring. Most troubling, there are no copies of the

---

6. Restatement (Second) of Torts § 427 (1965).

7. *Id.* § 427A.

8. *Id.* § 427B.

9. *See id.* §§ 427, 427A, 427B.

10. *See* Utah R. Evid. 801, 802.

11. Utah R. Civ. P. 56(e).

12. *Wayment v. Clear Channel Broad., Inc.,* 2005 UT 25, ¶ 41, 116 P.3d 271.

portions of Green's deposition necessary to give us the context for these admissions. In essence, there is no way to verify that Poteet's counsel's interpretation of Green's testimony is correct. Where the record before us contains evidence of at least three fires, Green's admission to setting the first two fires is insufficient to give rise to the inference that one of those two was the fire that damaged the sawmill. Accordingly, this evidence is also insufficient to dispute Green's testimony that he had no knowledge of the fire started in late January or early February 2002.

¶ 12 Ultimately, we do not consider the adoption of the restatement sections or specifically address the district court's reasoning because we affirm the district court's entry of summary judgment in favor of White on an alternative ground.[13] We hold that as a matter of law White could not be held liable for the damage to the sawmill where it is undisputed that his independent contractor did not set the fire that caused the damage.

## CONCLUSION

¶ 13 The district court correctly granted White's motion for summary judgment because the undisputed facts prevent the imposition of vicarious liability under Restatement (Second) of Torts sections 427, 427A, and 427B even were we to adopt them. It is undisputed that Green did not set the fire that spread to Poteet's sawmill. Because these restatement sections would not impose vicarious liability on White given the undisputed facts in this case, we expressly decline to address in this appeal the issue of whether to adopt these sections in Utah. We therefore affirm.

¶ 14 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Justice DURRANT's opinion.

---

**13.** *See Bailey v. Bayles,* 2002 UT 58, ¶ 13, 52 P.3d 1158 ("'[A]n appellate court may affirm the judgment appealed from if it is sustainable on any legal ground or theory apparent on the record.'" (internal quotation marks omitted)).