2011 UT App 143

**Kim BOWERS, Plaintiff and Appellant,**

v.

**John CALL, Defendant and Appellee.**

**No. 20110099–CA.**

Court of Appeals of Utah.

May 5, 2011.

Kim Bowers, Payson, Appellant Pro Se.

D. Miles Holman, Sandy, for Appellee.

Before Judges DAVIS, McHUGH, and VOROS.

## DECISION

**PER CURIAM:**

¶ 1 Kim Bowers appeals the district court's January 5, 2011 order granting John Call's motion for summary judgment and awarding his reasonable attorney fees and costs. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶ 2 In reviewing the district court's grant of summary judgment, an appellate court considers the record as a whole and reviews the district court's grant of summary judgment de novo, reciting all facts and fair inferences drawn from the record in the light most favorable to the nonmoving party. *See Poteet v. White*, 2006 UT 63, ¶ 7, 147 P.3d 439. "Nevertheless, where the movant supports a motion for summary judgment with affidavits or other sworn evidence, the nonmoving party may not rely on bare allegations from the pleadings to raise a dispute of fact." *Id.* If a motion for summary judgment is supported by affidavit, or other admissible evidence, the nonmoving party must submit admissible evidence and demonstrate

that there is a genuine issue of material fact precluding summary judgment. *See id.*

¶3 Bowers asserts that the district court erred by granting summary judgment based on the doctrine of res judicata. However, the district court's order granting summary judgment emphasized that the court did not grant summary judgment based on the doctrine of res judicata. Rather, the district court clarified that Bowers failed to demonstrate that an issue of material fact precluded entry of summary judgment. Specifically, once Call presented admissible evidence refuting Bowers's allegations in her pleadings, Bowers was required to submit admissible evidence demonstrating that a genuine issue of material fact precluded the entry of summary judgment. *See White*, 2006 UT 63, ¶7, 147 P.3d 439. Bowers failed to meet this burden as she failed to submit any admissible evidence that would preclude entry of summary judgment. Thus, the district court did not err by granting summary judgment.[1]

¶4 Bowers next asserts that the district court erred by granting Call's motion for rule 11 sanctions. The standard for reviewing the imposition of sanctions under rule 11 of the Utah Rules of Civil Procedure involves a three-tiered approach: "(1) findings of fact are reviewed under the clearly erroneous standard; (2) legal conclusions are reviewed under the correction of error standard; and (3) the type or amount of sanction to be imposed is reviewed under an abuse of discretion standard." *Morse v. Packer*, 2000 UT 86, ¶16, 15 P.3d 1021.

¶5 The district court determined that Bowers repeatedly attempted to relitigate the boundary dispute between Bowers's and Call's property without any evidentiary support. We now examine this finding for clear error in light of the evidence. *See id.* ¶21. The record supports the district court's finding that Bowers repeatedly pursued her claims arising from the same boundary dispute without any evidentiary support for her claims. Bowers's prior lawsuits on this boundary dispute were dismissed with prejudice. Despite repeatedly failing to prevail on these claims, which had been dismissed with prejudice, Bowers persisted in attempting to re-litigate the same boundary dispute without any good faith basis for doing so. This pattern of pursuing the same dismissed claims supports the district court's conclusion that Bowers's conduct warranted sanctions.

¶6 An award of reasonable attorney fees and costs is an appropriate sanction for violations of rule 11 of the Utah Rules of Civil Procedure. *See Schoney v. Memorial Estates*, 863 P.2d 59, 62 (Utah Ct.App.1993). As a sanction for Bowers's frivolous lawsuit, the district court awarded Call his reasonable attorney fees and costs. Because Call complied with the requirements of rule 11(c)(1)(A), the district court properly exercised its discretion to award Call his reasonable attorney fees and costs. *See* Utah R. Civ. P. 11(c)(1)(A). Bowers fails to demonstrate that the district court abused its discretion in awarding Call's reasonable attorney fees and costs incurred in defending Bowers's frivolous claims. Thus, we cannot say that the district court erred by awarding Call his reasonable attorney fees and costs incurred in defending Bowers's claims.

¶7 Accordingly, the district court's order is affirmed.

---

1. Bowers also asserts that the district court ignored her motion to compel discovery. This assertion lacks merit as the district court determined that Bowers's motion to compel failed to comply with the requirements of rule 37 of the Utah Rules of Civil Procedure as Bowers failed to certify that she had made good faith attempts to obtain discovery without seeking an order from the court. *See* Utah R. Civ. P. 37(a)(2).