2018 UT App 43

# THE UTAH COURT OF APPEALS

KIMBERLY GAY EDWARDS,
Appellant,
*v.*
UTAH'S JOHNNY APPLESEED INC.,
Appellee.

Opinion
No. 20160700-CA
Filed March 22, 2018

Fourth District Court, Provo Department
The Honorable Fred D. Howard
No. 150400421

Karra J. Porter, Kristen C. Kiburtz, and Patricia
Kuendig, Attorneys for Appellant

Andrew D. Wright and James C. Thompson,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which JUDGES
MICHELE M. CHRISTIANSEN and KATE A. TOOMEY concurred.

ORME, Judge:

¶1     Kimberly Gay Edwards slipped and fell while dining at an Applebee's restaurant (the Restaurant). Edwards sued the operator of the Restaurant, Utah's Johnny Appleseed Inc. (Appleseed), to recover damages for injuries she sustained from the fall. She appeals the district court's order granting summary judgment in favor of Appleseed, arguing that summary judgment was inappropriate because a genuine dispute of material fact exists. We agree and therefore reverse.

¶2     Edwards and her family were dining at the Restaurant when Edwards's husband suddenly became ill. Although they had not finished their food, Edwards asked the server for the bill

and some to-go boxes, as she was in a hurry to take her husband home. The server brought the bill but forgot the to-go boxes. After growing impatient while waiting for the boxes, Edwards went to find someone to help her. Because no one was at the hostess station, she walked down two steps, next to the hostess station, which led to the Restaurant's bar area and kitchen. She found a staff member there who gave her some boxes.

¶3      Making her way back to her table, Edwards began to walk up the steps but slipped and fell, injuring her hands, wrists, and shoulders. By this point, the hostess had returned to her station. The hostess witnessed Edwards fall, saw that Edwards was hurt, and began assisting her. Worried, the hostess told Edwards, "Let me go get the manager." Upon investigating what caused her to fall, Edwards found a "blackish," "yellowish," "oily substance" on the bottom of her shoe, which she believed may have been butter. Before the hostess went to get the manager, Edwards said, "You need to clean that up before someone else gets hurt." Still in a rush and without looking at the floor where she fell, Edwards hurried back to her husband, and they left.

¶4      Edwards sued Appleseed, alleging that Appleseed had negligently created the hazardous condition that caused her injuries. As part of its discovery, Appleseed deposed Edwards. During her deposition, Edwards explained that she believed Appleseed created the hazardous condition because (1) she did not observe any other patrons at the Restaurant during her time there; (2) she did not slip any other time that day before falling in the Restaurant, including when she made her way down to the kitchen; and (3) the server appeared to have walked up the steps to deliver their food shortly before Edwards fell.

¶5      After the close of discovery, Appleseed moved for summary judgment. It attached, as an exhibit to its motion, a declaration from the hostess who witnessed Edwards fall. In her declaration, the hostess stated, "I thoroughly wiped the area [where Edwards fell] . . . . However, after wiping the entire area, nothing came off the floor besides a little dust. I found no butter

or any substance that could have caused or contributed to the fall." She further stated that she had inspected the area where Edwards fell "one to four minutes before the incident occurred" and "did not see anything on the floor when walking through and inspecting the area."

¶6      In its motion for summary judgment, Appleseed argued that it

> did not have constructive notice of a temporary, dangerous condition. The evidence demonstrates that there was no substance on the floor. However, even if there were a substance on the floor, the undisputed evidence establishes that the substance had not been on the floor for more than four minutes. As such, [Appleseed] did not have an appreciable amount of time to identify the condition prior [to the] incident.

Appleseed also argued that Edwards could not show causation because her claims were speculative.

¶7      In arguing that it did not have notice of the hazardous condition, Appleseed relied on *Allen v. Federated Dairy Farms, Inc.*, 538 P.2d 175 (Utah 1975). In *Allen*, our Supreme Court explained that in slip-and-fall cases where it is unknown how a temporary hazardous condition was created, "fault cannot be imputed to the defendant . . . unless two conditions are met: (A) that he had knowledge of the condition, that is, either actual knowledge, or constructive knowledge . . . and (B) that after such knowledge, sufficient time elapsed that in the exercise of reasonable care he should have remedied it." *Id.* at 176. Appleseed asserted that Edwards could not make either showing and that, as such, it was entitled to judgment as a matter of law.

¶8      In response, Edwards argued that Appleseed could not prevail on its motion because notice of a hazardous condition is

imputed to the defendant when one of its own agents creates the condition, and there was a genuine dispute as to whether Appleseed, as opposed to some unknown person, created the condition that caused Edwards to fall. Similarly, Edwards argued that her theory of causation was not "'mere speculation' but rather rationally based on her perceptions of the premises at the time of her injury and her level of pain after her fall" and that the "credibility and weight of these observations should be left to a jury."

¶9    In its reply memorandum, Appleseed pointed out that Edwards did not strictly comply with rule 56(a)(2) of the Utah Rules of Civil Procedure when she failed to restate verbatim Appleseed's statement of material facts and failed to specifically dispute any of them but instead included a "Statement of Contested Facts." Consequently, Appleseed argued, its statement of material facts should control and be deemed admitted. Appleseed then argued that Edwards had failed to provide "any support" for her claim that Appleseed "caused or created the alleged unsafe condition."

¶10    Although the district court determined that a genuine dispute of material fact existed regarding the element of causation—because the court could not "foreclose the possibility that [Appleseed was] responsible for the substance on the floor"—it granted Appleseed's motion for summary judgment upon concluding that Edwards could not demonstrate that Appleseed had notice of the hazardous condition. The court did not address, and therefore seems not to have been persuaded by, Appleseed's argument that its statement of material facts should be deemed admitted due to Edwards's failure to strictly comply with rule 56. Edwards appeals.

¶11    Edwards argues that once the district court determined that a genuine dispute of fact existed as to whether Appleseed created the hazardous condition that caused Edwards to fall, it erred in granting summary judgment. Summary judgment is proper where there is no genuine dispute of material fact and the

moving party is entitled to judgment as a matter of law. Utah R. Civ. P. 56(a). We review a district court's grant of summary judgment for correctness and view "all facts and fair inferences drawn from the record in the light most favorable to the nonmoving party." *Poteet v. White*, 2006 UT 63, ¶ 7, 147 P.3d 439.

¶12 Our Supreme Court has made clear that in premises liability cases where the defendant creates a temporary hazardous condition that leads to a plaintiff's injury—as opposed to cases where a third party creates the hazardous condition and it is not immediately known to the defendant—the plaintiff is not required to show that the defendant had notice of the condition. *See Jex v. JRA, Inc.*, 2008 UT 67, ¶ 26, 196 P.3d 576. Rather, in such cases, the plaintiff must prove that the defendant "acted negligently either in creating *or* failing to remedy the temporary unsafe condition." *Id.* (emphasis added).

¶13 Here, Edwards alleged in her complaint that Appleseed negligently created the hazardous condition that led to her injuries. And although Edwards would have the burden at trial to show that Appleseed negligently created the hazardous condition, upon moving for summary judgment, Appleseed had "the burden of establishing the lack of a genuine issue of material fact." *Salo v. Tyler*, 2018 UT 7, ¶ 2. *See* Utah R. Civ. P. 56(a). Therefore, to prevail on its motion for summary judgment, Appleseed had the burden to show that Edwards had "*no evidence* to support" the contention that it created the hazardous condition.[1] *See Salo*, 2018 UT 7, ¶ 2 (emphasis added). Any

---

1. We note that in *Salo v. Tyler*, 2018 UT 7, our Supreme Court clarified "some confusing dicta" found in *Orvis v. Johnson*, 2008 UT 2, 177 P.3d 600, and "disavow[ed] any suggestion in *Orvis* that [Utah's summary judgment] standard is distinct from the federal standard" articulated in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). *Salo*, 2018 UT 7, ¶ 2. The *Salo* court held that "the moving party always bears the burden of establishing the lack of a genuine issue of material fact, but the burden of production of

(continued…)

genuine dispute as to that fact would preclude summary judgment.

¶14   In her memorandum opposing summary judgment, Edwards cited her deposition testimony to support her argument that there was a genuine dispute as to whether Appleseed negligently created the hazardous condition. Summarizing the key testimony from her deposition, Edwards emphasized that

> she observed no one except her waitress and the hostess moving about in the area where she fell. No customers were consuming food in the area around where she fell, and in fact she did not observe other customers in the building at all. Thus, Ms. Edwards was able to infer, through observation[,] that no one besides her waitress could have spilled the greasy substance in the area where she fell.

Although Appleseed relied on the declaration of the hostess to support its argument that it did not create the hazardous condition, each side presented evidence upon which a reasonable jury could conclude that its version of events was

---

(…continued)
evidence may fall on the nonmoving party (if that party will bear the burden of production at trial)." *Id.* The Court further stated that "where the burden of production falls on the nonmoving party, we clarify that the moving party may carry its burden of persuasion without putting on any evidence of its own—by showing that the nonmoving party has no evidence to support an essential element of a claim." *Id.* As we explain in paragraph 14, Appleseed did not carry this burden because Edwards cited competent evidence—her deposition testimony—from which an inference could reasonably be drawn that Appleseed negligently created the hazardous condition.

true. And as previously noted, the district court, albeit in the context of deciding that summary judgment was not warranted as to *causation*, concluded on the record before it that Appleseed may have negligently created the hazardous condition.

¶15　It is the province of the jury to decide the amount of weight a particular piece of evidence receives, not the court on a motion for summary judgment. *See Child v. Gonda*, 972 P.2d 425, 434 (Utah 1998). We conclude that Edwards carried her burden of production, *see Salo*, 2018 UT 7, ¶ 2, by demonstrating that a genuine factual dispute existed as to whether Appleseed negligently created the hazardous condition that caused Edwards to fall.[2] Accordingly, the district court erred in granting summary judgment.

¶16　The summary judgment is reversed. The case is remanded for trial or such other proceedings as may now be in order.

––––––––––

2. On appeal, Appleseed reiterates its argument that the statement of facts in its motion for summary judgment, which included the assertion that Appleseed did not spill any food on the floor, should have been deemed admitted due to Edwards's failure to strictly comply with rule 56(a)(2) of the Utah Rules of Civil Procedure. Appleseed further states, "When viewed as admissions, [Appleseed's] statements of fact defeat all of [Edwards's] arguments on appeal." But the district court never deemed Appleseed's statement of facts admitted. While the court did not expressly address this argument in its decision, the court implicitly rejected the argument when it concluded that there was a genuine dispute of fact as to whether Appleseed created the hazardous condition. *Cf. Fish v. Fish*, 2016 UT App 125, ¶ 24, 379 P.3d 882 (stating that the district court implicitly rejected a party's argument where the court made a finding contrary to that argument). Accordingly, Appleseed's argument is unavailing.